UNITED STATES of America and John P. Wright, Special Agent, Internal Revenue Service

v.

Melvyn R. BOWMAN, Appellant,

C. Galen Detwiler, Dale W. Detwiler, Emmert I. Detwiler, Paul I. Detwiler, New Enterprise Stone & Lime Co., Inc., New Enterprise Equipment & Supply Co., Inc., and Somerset Limestone Co., Inc., Intervenors.

UNITED STATES of America and John P. Wright, Special Agent, Internal Revenue Service

v.

Melvyn R. BOWMAN

v.

C. Galen DETWILER, Dale W. Detwiler, Emmert I. Detwiler, Paul I. Detwiler, New Enterprise Stone & Lime Co., Inc., New Enterprise Equpiment & Supply Co., Inc., and Somerset Limestone Co., Inc., Intervenors-Appellants.

Nos. 15311, 15312.

United States Court of Appeals Third Circuit.

Argued Nov. 19, 1965.

Decided April 7, 1966.

Harold W. Swope, Harrisburg, Pa., Daniels, Swope & Snyder, Harrisburg, Pa., on the brief), for appellant Bowman.

Raymond J. Bradley, Philadelphia, Pa., (Wolf, Block, Schorr & Solis-Cohen, by Michael von Moschzisker, Philadelphia, Pa., on the brief), for appellants Detwiler and others.

John M. Brant, Atty., Dept. of Justice, Tax Div., Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Bernard J. Brown, U.S. Atty., Washington, D.C., on the brief), for appellee.

Before KALODNER, Chief Judge, and McLAUGHLIN and SMITH, Circuit Judges.

KALODNER, Chief Judge.

In the instant case the United States and John P. Wright, Special Agent, Internal Revenue Service, filed a petition in the District Court to enforce compliance with a summons directed to Melvyn R. Bowman, a resident partner of the accounting firm of Main, LaFrentz and Company. The summons, issued pursuant to the provisions of Sections 7402(b) and 7604(b) of the Internal Revenue Code of 1954, in the course of an investigation of the income tax liability of the New Enterprise Stone & Lime Co., Inc., directed Bowman to appear before Wright and to produce "all work papers, schedules, memorandums, correspondence and accounting reports prepared by your company in connection with your audits of: New Enterprise Stone & Lime Co., Inc., New En-

terprise Equipment & Supply Co., Inc. and Somerset Limestone Co., Inc. for the years 1956 through 1962, inclusive." [1]

Bowman refused to comply with the summons on the ground that he was privileged to do so under the provisions of a Pennsylvania statute, 63 P.S. § 9.11a.[2] The District Court, after a hearing, ordered Bowman to comply with the summons, holding "it is well established that there is no accountant-client privilege recognizable in the Federal system", and "the Pennsylvania accountant-client privilege does not extend to an accountant summoned by a Special Agent of the Internal Revenue." 236 F.Supp. 548, 550, 551 (E.D.Pa.1964).

We need not on this appeal reach the broad issue as to whether an accountant-client privilege created by state law can prevail in the execution of federal tax laws inasmuch as the facts in the instant case clearly establish that the provisions of the Pennsylvania statute do not extend the privilege asserted by Bowman.

The Pennsylvania statute provides as follows:

"Except by permission of the client or person or firm or corporation engaging him or the heirs, successors or personal representatives of such client or person or firm or corporation, a certified public accountant or a person employed by a certified public accountant shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed relative to and in connection with any professional services

---

**1.** The text of the summons reads as follows:

"You are hereby summoned and required to appear before me, an officer of the Internal Revenue Service, to give testimony relating to the tax liability and/or the collection of the tax liability of the above named person for the period(s) designated and to bring with you and produce for examination the following books, records, and papers at the time and place hereinafter set forth:

"All work papers, schedules, memorandums, correspondence and accounting re-

ports prepared by your company in connection with your audits of: New Enterprise Stone and Lime Co., Inc., New Enterprise Equipment and Supply Co., Inc., Somerset Limestone Co., Inc., for the years 1956 through 1962, inclusive."

**2.** Bowman produced a letter from New Enterprise Stone & Lime Co., Inc. which stated in part that it "does not consent to or grant its permission for the disclosure of the workpapers and other data called for by the aforesaid summons relating to its affairs and the affairs of its subsidiaries."

as a certified public accountant *other than the examination of audit of or report on any financial statements, books, records or accounts, which he may be engaged to make or requested by a prospective client to discuss.* The information derived from or as the result of such professional services shall be deemed confidential and privileged: Provided, however, That nothing herein shall be taken or construed as modifying, changing or affecting the criminal or bankruptcy laws of this Commonwealth or of the United States. (emphasis supplied).

The Pennsylvania statute excludes from the privilege which it creates, in the terms italicized, the material to which the summons here relates.

Bowman's counsel during the hearing below specifically stated "that all the pertinent information in the possession or custody of Mr. Bowman, or anyone at Main, LaFrentz & Company, all the pertinent facts, were *derived from the books and records of the taxpayer corporation* by the Respondent [Bowman] or people working under his supervision and direction. \* \* \*" (emphasis supplied)

 Since the statute is in derogation of the common law which does not accord an accountant-client privilege the privilege which it accords must be strictly construed. It has long been settled in Pennsylvania that changes in the common law effected by statute must be clearly evidenced therein. Buradus v. General Cement Products Co., 159 Pa.

Super. 501, 48 A.2d 883 (1946), aff'd per curiam, 356 Pa. 349, 52 A.2d 205 (1947). Further, as we said in City of Newark v. United States, 254 F.2d 93 (1958), at page 97:

"\* \* \* it has long been a fundamental canon of statutory construction that the intention of the lawmakers is paramount in determining the meaning of an act. A situation not within the intention of the enacting body, though it is within the letter of the statute, is not within the statute."

On this score it is significant that Pennsylvania alone among the fifteen states [3] which have enacted accountant-privilege statutes chose to incorporate in its privilege statute an exclusionary clause. The Michigan privilege statute, enacted in 1957,[4] four years prior to the enactment of the Pennsylvania act, specifically privileges information "relative to and in connection with any examination of, audit of, or report on, any books, records, or accounts." Similarly, the Louisiana privilege statute enacted in 1951,[5] specifically embraces communication made to the accountant by any person employing him "to examine, audit, or report on any books, records, or accounts," and "any informtion derived from such books, records, or accounts." The Pennsylvania statute excludes, in almost identical terms, the privileges which these two states have created.

Other points raised on this appeal are adequately disposed of by the opinion of the court below.

For the reasons stated, the Order of the District Court will be affirmed.

3. See generally 8 Wigmore, Evidence Sec. 2286 (McNaughton rev. 1961).

4. Michigan Stat.Ann. Sec. 18.23, Comp. Laws 1948, § 338.523.

5. Louisiana Rev.Stat. Sec. 37:85.