Joseph **RUBIN** et al.

v.

Solomon **KATZ** et al.

Civ. A. No. 70–1482.

United States District Court,
E. D. Pennsylvania.

June 16, 1972.

E. Harris Baum, Philadelphia, Pa., for plaintiffs.

Charles C. Hileman, Thomas Gibson, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendants, Strick Holding Co., Strick Inc., Strick Corp., Transport Pool Corp., Transport Pool Inc. and individually named directors and stockholders of Strick Inc. and stockholders of Transport Pool Corp., have moved to dismiss the complaint on the ground that plaintiffs cannot maintain a law suit which is substantially based on information acquired by one of them, Leonard Sophian, while he was employed in a confidential relationship as an accountant for Transport Pool, Inc. Defendants urge that dismissal is required to protect the accountant-client privilege and that no one should benefit from illegal disclosures of confidential information made by an accountant.

Leonard Sophian was retained from 1960 to 1963, inclusive, by defendant Transport Pool, Inc. (then called "Container Leasing, Inc.") as an independent certified public accountant on a fee basis. In the course of oral deposition, Mr. Sophian indicated that he had obtained information which formed a basis for this lawsuit while examining the books of Container Leasing, Inc. Defendants assert that plaintiffs relied entirely on this information in paragraph 36 of the complaint and that this affects a substantial part of the case.

The theory of defendants' motion is that the information is protected by the accountant-client privilege and that dismissal of the entire action is the only means which adequately preserves the interests of the clients. They base their claim of privilege on the Code of Professional Ethics of the Pennsylvania Institute of Certified Public Accountants (hereinafter Code of Ethics), the Rules of Professional Conduct of the Pennsylvania State Board of Examiners of Public Accountants (hereinafter Rules of Conduct) and the Pennsylvania C.P.A. Law, 63 P.S. § 9.11a.

The Court is without jurisdiction to enforce provisions of the Code of Ethics and Rules of Conduct which are applicable to accountants. Defendants claim that the Court should enforce these rules just as it would the Canons of Ethics for attorneys.[1] The jurisdiction to enforce canons for attorneys, however, is based on the regulatory power of courts over members of the bar. Richardson v. Hamilton Int'l. Corp., 333 F.Supp., 1049, 1052 (E.D.Pa.1971). There is no similar basis for the Court to enforce the Code of Ethics and Rules of Conduct for accountants.

Defendants' other basis for dismissal is section 11.1 of the Pennsylvania C.P. A. Law.[2] They argue that this section

---

1. The Canons of Ethics of the American Bar Association have been adopted as a rule of this Court. Local Rules, R.Civ. P. 11.

2. 63 P.S. § 9.11a: Except by permission of the client or person or firm or corporation engaging him or the heirs, successors or personal representatives of such client or person or firm or corporation, a certified public accountant or a person employed by a certified public accountant shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed relative to and in connection with any professional services as a certified public accountant other than the examination of audit of or report on any financial statements, books, records or accounts, which he may be engaged to make or requested

creates an accountant-client privilege which prohibits an accountant from disclosing any information told to him while employed in a confidential relationship with a client. It would, therefore, be improper to permit the accountant to maintain a lawsuit which would inevitably require illegal disclosure of such confidences.

There is reason to question whether the privilege created by state law is applicable to a suit based on federal securities law. *See* United States v. Bowman, 358 F.2d 421 (3 Cir. 1966); United States v. Jaskiewicz, 278 F.Supp. 525 (E.D.Pa.1968). It is not necessary to reach that issue, however, since the Pennsylvania statute does not cover the situation involved in this case.

■ Common law did not recognize an accountant-client privilege similar to the attorney-client privilege. Pennsylvania and a number of other states have adopted statutes which in some circumstances create a privilege analogous to the attorney-client privilege established at common law. Since the statute is in derogation of common law, it must be strictly construed, and any change in the common law effected by the statute must be clearly indicated. United States v. Bowman, *supra* at 423 of 358 F.2d.

■ The Third Circuit noted in *Bowman* that Pennsylvania alone among the fifteen states which had adopted accountant-client privilege statutes by 1966, had an exclusionary clause. This clause excludes from coverage by the privilege any information a certified public accountant might obtain relative to and in connection with ". . . the examination of audit of or report on any

financial statements, books, records or accounts, which he may be engaged to make . . ." This type of information had been specifically included in the privilege in other states which adopted similar laws previous to Pennsylvania. United States v. Bowman, *supra* at 423. Thus, the information divulged in paragraph 36 is excluded from the privilege created by the statute. Sophian was examining the books of Container Leasing, Inc. when he asked what a $500 entry represented. He was told it represented 50% of the capital stock of Integrated Container Service. Although the information was not taken directly from the books, it was received in the answer to a question in connection with his examination of the books. A strict interpretation of the statute requires the conclusion that information obtained in this manner is excluded by the statute from the privilege.

■ The statute does not require that the suit be dismissed because of the possibility that Sophian will use information acquired in an accountant-client relationship. Defendants' attempt to draw an analogy to the broad, stringent protections of the attorney-client privilege as enforced in Richardson v. Hamilton Int'l. Corp., *supra* and John Doe v. A Corp., 330 F.Supp. 1352 (S.D.N.Y.1971) cannot succeed. The Pennsylvania statute as described above was clearly intended to make a limited change in the law, and not to extend the common law attorney-client privilege to accountant-client relationships. Defendants have not shown that the prophylactic rule established by common law in the attorney-client relationship has now been extended to the accountant-client case.[3]

---

by a prospective client to discuss. The information derived from or as the result of such professional services shall be deemed confidential and privileged: Provided, however, That nothing herein shall be taken or construed as modifying, changing or affecting the criminal or bankruptcy laws of this Commonwealth or of the United States.

3. Defendants argue for an exact application of the rules for attorney-client relationship to the accountant-client situation. While this would give an appealing symmetry to the law it would neglect the underlying reasons for the attorney-client privilege which are often not present in the accountant-client relationship. *See* Comment, Privileged Communications-Accountants and Accounting—A Critical Analysis of Accountant-Client Privilege Statutes, 66 Mich.L.Rev. 1264, 1273 (1968).