## In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

No. MDL–381.
Nos. CV 81–0207, CV 80–0991.

United States District Court,
E. D. New York.

Aug. 25, 1981.

See also, 506 F.Supp. 754 and 91 F.R.D. 618.

---

GEORGE C. PRATT, District Judge.

Twelve plaintiffs have moved for permission to have their videotaped depositions taken immediately, prompting all parties to ask the court to reassess the procedures set forth in the *Hartz* case, 79 C 2752, pretrial order no. 8 (Jan. 18, 1980), governing videotaped depositions.

■ The court agrees that the ad hoc procedure outlined in *Hartz* should be re-evaluated and that general standards should be instituted so that leave of the court to depose each *in extremis* plaintiff will be unnecessary. The court has reviewed the proposed orders submitted by plaintiffs and defendants, and the proposals are similar in many respects. Both sides recognize the need for defendants to be furnished with as much information as possible prior to the deposition, and both sides agree that defendants should be permitted to take a "discovery" deposition before the videotaped deposition that may be used at trial is taken. The parties also agree that responses to written interrogatories normally should be provided beforehand, as well as all available medical and service records.

The parties do, however, have different views concerning how the agreed-upon goals should be accomplished. Plaintiffs seek to have the interrogatories organized in a statistically manageable form; defendants apparently oppose organizing the interrogatories in a manner that would be suitable for data entry and processing by a computer. Defendants' proposed interrogatories appear to seek more extensive information than that which would be provided by plaintiffs' proposal. Counsel indicated in court, however, that a committee composed of representatives from both sides would perhaps be able to resolve many of these issues.

The court, therefore, orders a committee or committees as described below to meet as expeditiously as possible to discuss the following:

(1) the appropriate provisions that should be included in a general order intended to govern all *in extremis* depositions. The parties shall attempt to resolve all of the inconsistent terms in the two proposed orders to the fullest extent possible;

(2) the form in which interrogatories to the individual plaintiffs should be organized. The court agrees with plaintiffs that the information should be in a form suitable for data entry and processing, so that all parties will have available whatever benefits flow from having the data in a statistically manageable form;

(3) the substance of the interrogatories. Plaintiffs shall have due regard for defendants' need for far-reaching discovery given the uncertainties associated with causation in this action; defendants shall have due regard for the practical impossibility of gathering some of the information sought in their proposed interrogatories.

Since the three issues outlined above are readily distinguishable, it may be that separate committees should be appointed to examine each of these issues. When the court last asked these parties to meet and report to the court, two representatives from plaintiffs and one representative from each defendant met and were unable to formu-

late a useful proposal. The following structure for the committees shall be followed:

Lead counsel for plaintiffs shall notify all plaintiffs' counsel of the three issues to be reported on by committees, and shall solicit and consider the ideas of all counsel. Lead counsel for plaintiffs shall designate one representative of all plaintiffs to participate on each committee.

Defense counsel shall meet among themselves and designate one representative to participate on each committee. If counsel are unable to agree on a suitable representative within ten days, the court will designate one representative for each committee.

The court expects to receive reports from all three committees no later than October 30, 1981.

In the interim, the court will continue to permit *in extremis* depositions to be conducted, in accordance with the *Hartz* decision, of plaintiffs Crummel, Hall, Hilewitz, Reilly, and Wagenmakers for whom the court has received medical affidavits describing their conditions. Unless counsel agree on alternate dates, the depositions shall proceed as follows:

```
September 14, 1981    Wagenmakers
September 15, 1981    Hilewitz
September 16, 1981    Reilly
September 21, 1981    Hall
September 22, 1981    Crummel
```

Since no medical affidavits have been received by plaintiffs Gravelin, Owens, Blackburn, McManus or Kent, the motion for *in extremis* depositions of these plaintiffs is denied, without prejudice to renewal on a proper showing.

Plaintiff Fisher also moves for permission to take his videotaped deposition. However, counsel for Fisher asserts that she is unwilling to turn over to defendants plaintiff Fisher's complete medical and military records, or authorizations therefore, because some of the information contained in the records may be privileged.

■ The court cannot accept plaintiff Fisher's assertion of privilege for the reason

that it is presently impossible to label any medical or service-related information irrelevant to a plaintiff's present condition. Given the uncertainties associated with the complicated causation issues in this lawsuit, the court finds that defendants are entitled to any and all available medical and military information. Plaintiff is deemed to have waived any privilege that he may have had when he put his medical condition into issue by initiating this lawsuit.

Accordingly, plaintiff Fisher's motion to have his deposition taken on September 8, 1981 is granted on the conditions set forth in the *Hartz* decision.

SO ORDERED.