Nellie SKLAGEN, et al., Plaintiffs,

v.

GREATER SOUTHEAST COMMUNITY
HOSPITAL, Defendant.

Civ. A. No. 83–2967.

United States District Court,
District of Columbia.

March 20, 1984.

Charles Kane Schanker, Washington,
D.C., for plaintiffs.

Nicholas S. McConnell, Washington,
D.C., for defendant.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

Defendant Greater Southeast Community Hospital has moved the Court to compel the plaintiff, Nellie Sklagen, to execute an authorization confirming that plaintiff has waived the physician-patient privilege and enabling defendant to obtain from all physicians who have rendered treatment to plaintiff full disclosure of information they may have concerning plaintiff. Plaintiff opposes the motion.

For the reasons given below, defendant's motion is granted.

## BACKGROUND

Plaintiff entered the hospital on August 30, 1982, for diagnostic procedures related to a breathing problem. During her stay, she slipped and fell on the bathroom floor of her hospital room sustaining injuries, including a fracture of her spine. After leaving the hospital on September 22, 1982, plaintiff sought treatment for her back from private physicians. Plaintiff filed this suit against defendant on October 6, 1983, alleging that defendant and its employee-agents were negligent in allowing water to remain on the bathroom floor of plaintiff's hospital room.

In answers to interrogatories propounded to her, plaintiff stated that she had been treated for a back condition by several physicians and institutions before the alleged incident. Plaintiff indicated in her answers that she would not consent to the release of the medical records maintained by those physicians and hospitals. In response to defendant's request for produc-

tion of copies of her medical records, plaintiff provided defendant with only those records pertaining to treatment she received after the alleged incident. Not content with plaintiff's selective production of her medical records, defendant filed the present motion.

## ANALYSIS

The physician-patient privilege, codified at D.C.Code § 14–307 (1981), prevents a physician from disclosing any confidential information he may have acquired about a client while attending to the client in a professional capacity. The purposes behind the statutory privilege are two-fold: to prevent the disclosure of information concerning the patient which may tend to embarrass or humiliate him and to promote greater freedom of communication between the physician and patient as to matters concerning the patient's health. *Wilson v. Thornton*, 416 A.2d 228, 236 (D.C.1980).

By placing her physical condition in issue through the filing of this lawsuit, plaintiff has waived her privilege against disclosure of relevant medical evidence. *Doe v. Eli Lilly & Co., Inc.*, 99 F.R.D. 126, 127 (D.D.C.1983); *In re "Agent Orange" Product Liability Litigation*, 91 F.R.D. 616, 618 (E.D.N.Y.1981). Furthermore, plaintiff has provided defendant with portions of her medical records pertaining to treatment she received after the alleged injury. Having waived the medical privilege as to materials favorable to her position it would be manifestly unfair to allow plaintiff to invoke the privilege to shield similar materials which are potentially damaging. *See, e.g., Edmund J. Flynn Co. v. LaVay*, 431 A.2d 543, 551 (D.C.1981); *International Tel. & Tel. Corp. v. United Tel. Co. of Florida*, 60 F.R.D. 177, 185 (M.D.Fla.1973).

However, plaintiff does not contend that her medical records are protected from disclosure by the physician-patient privilege. Rather, plaintiff asserts that the medical authorization drafted by defendant is overly broad and encompasses material beyond the scope of discovery allowed under the Federal Rules of Civil Procedure. Plaintiff further argues that defendant's request for copies of plaintiff's medical records for the five year period immediately preceding the injury alleged in the complaint fails to properly designate the documents requested, as required by Fed.R.Civ.P. 34(a), and also encompasses matters beyond the scope of discovery. Finally, plaintiff contends that defendant is not unduly hampered in its discovery efforts since it may subpoena relevant documents pursuant to Fed.R. Civ.P. 45(b).

The arguments advanced by plaintiff mask plaintiff's bald attempt to control and restrict the manner in which the defendant may develop its case. This the plaintiff cannot do. Plaintiff has waived the physician-patient privilege. Therefore, the physicians who have treated the plaintiff should be informed that they may in their discretion disclose to the defendant any medical information about the plaintiff that they may possess. By compelling plaintiff to execute the medical authorization drafted by the defendant, the fact of plaintiff's waiver may be conveyed to these physicians.

Plaintiff's assertions that the medical authorization drafted by defendant is overly broad and encompasses material beyond the scope of the federal discovery rules miss the mark. Simply put, the federal discovery rules are not implicated by defendant's request that plaintiff execute the medical authorization. The medical authorization does not require or order the physicians to disclose to the defendant medical information about the plaintiff; it merely authorizes or permits such disclosure. Thus, it enables defendant to informally interview these physicians, as it might any other potential witness, to ascertain if they possess any information relevant to the issues in dispute. The *ex parte* interview is an effective discovery procedure which operates outside of and is not precluded by the federal discovery rules. Under substantially similar circumstances, this Court, in *Doe v. Eli Lilly & Co., Inc.*, 99 F.R.D. at 128, stated:

As a general proposition, however, no party to litigation has anything resembling a proprietary right to any witness's evidence .... Unless impeded by privilege an adversary may inquire, in advance of trial, by any lawful manner to learn what any witness knows if other appropriate conditions the witness alone may impose are satisfied, e.g., compensation for his time and expertise or payment of reasonable expenses involved, and while the Federal Rules of Civil Procedure have provided certain specific formal methods of acquiring evidence from recalcitrant sources by compulsion, they have never been thought to preclude the use of such venerable, if informal, discovery techniques as the *ex parte* interview of a witness who is willing to speak.

(Footnotes omitted).

Accordingly, it is this 20th day of March, 1984

ORDERED, that within ten (10) days of the date of this Order, the plaintiff Nellie Sklagen shall provide defendant's counsel with medical authorizations in accordance with the form tendered with defendant's motion to compel discovery and addressed to the following parties:

Yussef Akbari

3730 Martin Luther King, Jr. Avenue, S.W.

Washington, D.C. 20032

Mahmood Mohamadi, M.D.

6192 Oxon Hill Road, # 306

Oxon Hill, Maryland 20745

Dr. Jeffery Goltz

6188 Oxon Hill Road # 406

Oxon Hill, Maryland 20745

Hadley Memorial Hospital

4601 Martin Luther King Avenue, S.W.

Washington, D.C. 20032

Capitol Hill Hospital

700 Constitution Avenue, N.E.

Washington, D.C. 20002

Sibley Memorial Hospital

5255 Loughboro Road, N.W.

Washington, D.C. 20016