Robert P. GATEWOOD, et al., Plaintiffs
and Counterdefendants,

v.

UNITED STATES CELLULAR
CORPORATION, Defendant
and Counterclaimant.

No. CA 87-0477 (NHJ/PJA).

United States District Court,
District of Columbia.

March 1, 1989.

William O. Bittman, for plaintiffs and counterdefendants.

John B. Williams, Frederick D. Baker, Mark Austrian, Linda Turdy, Michael G. Hron, for defendant and counterclaimant.

MEMORANDUM OPINION

PATRICK J. ATTRIDGE, United States Magistrate.

A limited partnership agreement entered into by the parties to this action provided, *inter alia*, that in the event they were unable to agree upon the value of a non-wireline cellular phone system located in Des Moines, Iowa in which they had an interest, each would select an appraiser, and the two appraisers would select a third. An impasse arose concerning the selection of this third appraiser which resulted in the filing of this litigation.

During the course of discovery the United States Cellular Corporation (USCC) took the deposition of Terry Korn, a Pennsylvania certified public accountant and appraiser selected by the Plaintiffs, Schneeman, Ewing and Gatewood (SEG). USCC sought to inquire about the conduct and results of Mr. Korn's appraisal as well as any communications between Mr. Korn and the Plaintiffs or their representatives concerning the appointment of the third appraiser.

SEG declined to allow Mr. Korn to respond to any of these questions asserting that the communications between SEG, its representatives and Korn were not discoverable by reason of the Pennsylvania statutory accountant-client privilege [63 P.S. § 9.11(a)].

In support of its motion to compel, USCC urges that the services rendered by Mr. Korn are outside the scope of the statute, that the Plaintiffs have waived any privilege that might exist under the statute by virtue of filing this suit and placing at issue the appraisal process agreed to by the parties, and lastly that this Court should not apply Pennsylvania law but rather District of Columbia law which does not recognize any such privilege.

In opposition, SEG relied on the statutory privilege and also urged that this line

of discovery was irrelevant, nor could it lead to the discovery of relevant information. The lack of relevancy argument was later abandoned.

## DISCUSSION

■ The Pennsylvania accountant-client privilege protects from disclosure "... information of which he may have come possessed relative to and in connection with any professional services as a certified public accountant, (or) public accountant ..." This statute being in derogation of common law is to be strictly construed. *Rubin v. Katz*, 347 F.Supp. 322 (E.D.Pa.1972). Thus, in order for the statute to be at least prima facially applicable, there must be a showing that an accountant's services were sought in an accounting capacity. In these proceedings, there is nothing to show that Mr. Korn was acting in his capacity as an accountant in making his appraisal. Appraisals may be rendered by experts with varying backgrounds who may be otherwise qualified. The appraisal process is not unique to the accounting field. Moreover, the records used to evaluate the financial value of this system were not private documents of the Plaintiffs, but rather, records of the system to be evaluated. The purpose of the statute, to foster the free flow of financial data to an accountant by a client in order to obtain financial advice, would not be advanced nor promoted by applying the statute to the events that took place in these proceedings.

It is patently evident that the appraisal performed by Mr. Korn was not an accounting function and the communications had with the Plaintiffs or their representatives were not communications protected by the accountant-client privilege. The fact that Mr. Korn is an accountant is merely an accidental circumstance rather than a controlling event.

■ Moreover, even if it were held that the statute would offer protection to the Plaintiffs precluding discovery of Mr. Korn's appraisal report and communications with respect to the appraisal process, it is clear that the privilege should not be given any extraterritorial recognition.

No confidential accountant-client privilege exists under federal law claims.

*Couch v. U.S.*, 409 U.S. 322, 335, 93 S.Ct. 611, 619, 34 L.Ed.2d 548 (1973). Indeed, privileges are strongly disfavored in federal practice. *American Civil Liberties Union of Miss. v. Finch*, 638 F.2d 1336, 1344 (5th Cir.1981) (citing *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974)). However, since no federal claims are involved and jurisdiction is premised solely on diversity, federal courts sitting in the District of Columbia look to the District of Columbia for the applicable law including its choice of law principles. *Bledsoe v. Crowley*, 849 F.2d 639, 641 (D.C.Cir.1988); *Eli Lilly v. Home Insurance Company*, 764 F.2d 876, 882 (D.C.Cir.1985); *Gray v. American Express*, 743 F.2d 10, 16 (D.C.Cir.1984); *Anchorage–Hynning & Co. v. Moringiello*, 697 F.2d 356, 360 (D.C.Cir.1983). Under the District of Columbia principles we must initially determine if, indeed, there is any true conflict between the laws of the interested jurisdictions, in this case, the District of Columbia, and the Commonwealth of Pennsylvania. *Eli Lilly*, 764 F.2d at 882.

Although the Pennsylvania legislature has determined that communications between an accountant and a client should be protected from disclosure unless the client permits it, the District of Columbia has not adopted a similar accountant-client privilege for this jurisdiction. In fact, the only reported trial court opinions declined to recognize an accountant-client privilege under D.C. law. *Independent Petrochemical v. Aetna Cas. & Sur. Co.*, 117 F.R.D. 292 (D.D.C.1987); *Platt v. District of Columbia*, 108 Daily Wash. Law Rep. 1 (D.C.Sup. Ct.1980).

Although Pennsylvania has manifested a public policy of keeping confidential communications between an accountant and a client, the District subscribes to an equally strong principle that evidentiary privileges should be narrowly construed and "that every person must offer testimony upon all facts relevant to a judicial proceeding." *Edmund J. Flynn, Co. v. LaVay*, 431 A.2d 543, 551 (D.C.1981).

Where each jurisdiction has an interest in applying its own law, a true conflict exists.

In such a situation, the District of Columbia Court of Appeals has adopted the "interest analysis" approach as a means of resolving this conflict. That rule "requires a court 'to evaluate the governmental policies underlying the applicable conflicting laws and to determine which jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review.'" *Bledsoe,* 849 F.2d at 641 (citing *Williams v. Williams,* 390 A.2d 4, 5–6 (D.C.1978)); *See also, Gaither v. Myers,* 404 F.2d 216, 222–24 (D.C.Cir.1968); *Rong Yao Zhou v. Jennifer Mall Restaurant, Inc.,* 534 A.2d 1268, 1270–71 (D.C. 1987).

In balance and in the context of this litigation, it is clear that the District's interest in applying its law in these proceedings is stronger than that of Pennsylvania. The litigation involves a plaintiff partnership whose managing partner resides in the District and a corporate defendant doing business in the District. Pennsylvania's interest arises solely from the fact that the Plaintiffs communicated with a Pennsylvania accountant. However, that fact is of little significance since under the statute the privilege is that of the client not that of the Pennsylvania accountant. Furthermore, it appears that the professional relationship in Pennsylvania was merely fortuitous and not purposefully arranged because of the privilege. The record reflects that the plaintiffs considered a number of appraisers before selecting Mr. Korn. There is nothing in the record from which it can be inferred that the privilege accorded communication with an accountant in Pennsylvania in any manner entered into the selection process. Moreover, even if one were to conclude that the interests of the two jurisdictions are equally weighty, the law of the District of Columbia is that under those circumstances, the law of the forum should prevail. *Kaiser–Georgetown Community Health Plan, Inc. v. Stutsman,* 491 A.2d 502, 509 & n. 10 (D.C.1985).

### CONCLUSION

On analysis, it appears that although the Pennsylvania statute is a clear expression of that state's interest in protecting accountant-client communications, the District has an identifiable overriding interest in the application of its law that all facts relevant to a judicial proceeding be disclosed. Accordingly, the Defendants motion to compel discovery is granted.

An appropriate order accompanies this memorandum.