Beverly A. WHITBECK, Plaintiff,

v.

VITAL SIGNS, INC., Defendant.

No. C.A. 95–1011 (SSH/PJA).

United States District Court,
District of Columbia.

Oct. 19, 1995.

Vicki G. Golden, Washington, DC, for Plaintiff.

Harold R. Weinrich, Washington, DC, Vincent A. Cino, Pamela J. Moore, and Diane M. Cardaci, Morristown, NJ, for Defendant.

## MEMORANDUM ORDER

ATTRIDGE, United States Magistrate Judge.

In this District of Columbia Human Rights Act litigation, the plaintiff moves for reconsideration of the Court's Order of September 19, 1995, [12], ordering the defendant to sign medical authorizations. This litigation involves the allegation of defendant's failure to reasonably accommodate the plaintiff's disputed physical handicap.

### I. Background

The case was removed from the Superior Court for the District of Columbia on May 6, 1995. On July 7, 1995, a scheduling order was signed for discovery to "begin immediately and [to] continue through December 8, 1995."

Two months later, the undersigned ordered counsel from both sides to be present on September 14, 1995, for a status conference. Mr. Michael Kane, of Ms. Vicki Golden's office representing the plaintiff, telephoned the Court to request a change in the scheduled date for the status conference due to Ms. Golden's unavailability. The Court acquiesced to this request at the behest of counsel and a new date of September 19, 1995, was set. Mr. Kane was advised at the time a new date was scheduled that knowledgeable counsel for the case should be present at the status conference. Nonetheless, Ms. Golden did not attend the status conference, but instead sent Mr. Kane.

By the date of the status conference, two-thirds of the time period for discovery had passed. As should have been expected, the issue of medical authorizations arose. Mr. Kane expressed to the Court that the plaintiff would provide the necessary medical authorizations to the defendant by September 25, 1995, and the Court entered an order to this effect.

Now the plaintiff seeks through a motion for reconsideration to revoke its consent to provide medical authorizations and claims, "[p]laintiffs' counsel was unprepared to discuss the issue at the status conference." Pl.'s Mot. at 5 n. 3. The plaintiff claims two arguments in support of its request for reconsideration. The first is that Ms. Whitbeck's medical records prior to April 1994 are irrelevant, and secondly, that she did not waive her medical privilege for the records the defendant is seeking.

### II. Discussion

#### A. Medical Records Prior to April 1994

In February 1993, Ms. Whitbeck discovered she had a spinal cord astrocytoma tumor. By July 1993, Ms. Whitbeck was working with the use of a wheelchair. See Pl.'s Compl. at 3. The plaintiff specifically alleges that the defendant "discriminated against Ms. Whitbeck on the basis of her physical handicap when it refused to reasonably accommodate her disability." Id. at 5. Ms. Whitbeck claims she has sustained a "physical handicap since February 1993." Id. The defendant contests the status of her physical handicap and the date of its onset. Def.'s Answer at 3.

By initiating this lawsuit, Ms. Whitbeck directly put into issue her medical condition and disability status. In re "Agent Orange" Product Liability Litigation, 91 F.R.D. 616, 618 (E.D.N.Y.1981). Ms. Whitbeck claims the date of the onset of her physical handicap is February 1993, but she is seeking to prohibit the disclosure of any of her medical records prior to April 1994. Pl.'s Mot. at 6. The court will not allow such limited access. "In each case, the party presenting evidence cannot merely choose how much to disclose but must submit his or her evidence to the adversarial process." Clifford v. United States, 532 A.2d 628, 637 (D.C.1987). Additionally, there is a "liberal standard to be applied at the discovery stage." Association for Women in Science v. Califano, 566 F.2d 339, 343 (D.C.Cir.1977). Thus, "a party may discover information [if]

such information will have some probable effect on the organization and presentation of the moving party's case." *Smith v. Schlesinger*, 513 F.2d 462, 473 (D.C.Cir.1975). Additionally, Fed.R.Civ.P. 26 is to be "liberally construed to allow discovery into any factual matter that is germane to any of the remaining legal issues in this case, and that may lead to the discovery of admissible evidence or may relate to circumstantial evidence." *Association of Am. Physicians and Surgeons v. Clinton*, 837 F.Supp. 454, 456 (D.D.C. 1993). Thus, medical records prior to April 1994 are relevant in this litigation to determine the status and the onset of Ms. Whitbeck's alleged physical disability. The defendant is permitted access to medical records prior to as well as after April 1994.

### B. Waiver of Medical Privilege

 Secondly, Ms. Whitbeck claims she has not waived her medical privilege provided by the D.C.Code § 14–307 for the records the defendant is seeking and thus cannot be ordered to sign the medical waivers. As an alternative to signing the medical waiver, Ms. Whitbeck proposes to present to the defendant the documents sought and only upon specific written request. Through this proposed screening process, Ms. Whitbeck would submit the information personally or through counsel with first having a chance to review it before turning over the material. One party cannot seek to filter the information to the opposing party by claiming non-waiver of a medical privilege. This tactic is not permissible as it would enable the plaintiff "to monitor his adversary's progress in preparing his case by his presence . . . while his own preparation is under no such scrutiny." *Doe v. Eli Lilly & Co, Inc.*, 99 F.R.D. 126, 128–29 (D.D.C.1983).

 Ms. Whitbeck claims she has or will be providing medical records of four doctors and one social worker to the defendant, but is claiming a medical privilege to the remaining medical records. Pl.'s Mot. at 6. This partial release and selective production of medical records by the plaintiff only weakens her argument. By providing the favorable portions of her records, she is deemed to have waived her medical privilege. *Sklagen v. Greater Southeast Community Hosp.*, 625 F.Supp. 991, 992 (D.D.C.1984). "[I]t would be manifestly unfair to allow the plaintiff to invoke the privilege to shield similar materials which are potentially damaging." *Id.* Accordingly, Ms. Whitbeck cannot use the medical privilege of the D.C.Code as a trial tactic. *Doe*, 99 F.R.D. at 128.

Therefore, the plaintiff's request for reconsideration is denied. All records are relevant for purposes of this litigation and the medical privilege is not a bar to signing the authorizations as the privilege has been deemed waived.

### III. Conclusion

Upon consideration of plaintiff's motion for reconsideration, the opposition, the reply, the entire record, and for the reasons stated, it is this 19th day of October, 1995:

ORDERED that plaintiff's motion for reconsideration [12] is denied.

FURTHERED ORDERED that the plaintiff produce signed medical authorizations to the defendant forthwith.