**KUHN AND KOGAN, CHTD., Plaintiff,**

v.

**JEFFREY C. MENSH & ASSOCIATES, INC., et al., Defendants.**

**No. CIV. A. 99–714 SSH.**

United States District Court, District of Columbia.

Oct. 28, 1999.

Andrew J. Terrell, Mary Kaitlin McSally, Whiteford, Taylor & Preston, Washington, DC, for Plaintiff.

Pamela A. Bresnahan, Steven R. Becker, Vorys, Ster, Seymour & Pease, Washington, DC, for Defendants.

### MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are plaintiff's motion to quash defendants' subpoena duces tecum directed to plaintiff's accountant, de-

fendants' opposition thereto, and plaintiff's reply to defendants' opposition.

## BACKGROUND

Plaintiff is a corporation which provides medical services. Dr. Israel Kogan has been plaintiff's sole owner since 1987. Defendants are insurance brokers who have provided insurance services to plaintiff since 1983. As part of their services, defendants obtained a Business Purchase Income Disability Policy (the "Policy") on behalf of plaintiff from Union Mutual Insurance Company ("UNUM") in 1987. The Policy provided financial protection for plaintiff in the event Dr. Kogan became disabled. *See* Compl. at ¶ 12. In November 1997, Dr. Kogan allegedly became disabled as a result of severe depression, and thereafter plaintiff submitted a benefits claim. UNUM denied the claim on the ground that plaintiff was ineligible for coverage under the Policy. According to UNUM, plaintiff had improperly renewed the policy after 1987, when Dr. Kogan became plaintiff's sole owner, because businesses that were more than 90% owned by one individual were ineligible for coverage under a Business Purchase Income Disability Policy. *See* Pl.'s Mem. in Supp. of Motion, Ex. A.

Following the denial of its claim, plaintiff brought suit against defendants, alleging that defendants failed to advise plaintiff of its ineligibility under the Policy, and that this failure constituted negligence and a breach of contract, which ultimately caused plaintiff to suffer severe financial injury. In the conduct of discovery, defendants issued a subpoena for the production of documents to plaintiff's accountant, La Vaughn Davis ("Davis"), who is also Dr. Kogan's personal accountant. *See* Pl.'s Motion at ¶ 1. Plaintiff has moved to quash the subpoena. For the reasons stated below, the Court denies plaintiff's motion.

## DISCUSSION

Defendants' subpoena contains fifteen document requests seeking, *inter alia*, plaintiff's tax returns, plaintiff's financial statements and related documents, documents pertaining to Dr. Kogan's alleged disability, any insurance coverage held or sought by Dr. Kogan or plaintiff, and communications between defendants and plaintiff throughout the course of their professional relationship. Plaintiff challenges the subpoena on the grounds that the documents requested are either not relevant, protected by the accountant-client privilege, or protected by the physician-patient privilege. The Court discusses each of these objections in turn.

### A. *Relevance*

■ Plaintiff asserts that the documents sought by the subpoena are not relevant to the instant case.[1] The Court disagrees. In their answer, defendants raise a number of affirmative defenses. As relevant here, defendants assert that plaintiff was contributorily negligent because it knew about the 90% ownership limitation for eligibility under the Policy, and that plaintiff's insurance claim was fraudulent because Dr. Kogan was not in fact disabled. Defendants also contend that any financial injury suffered by plaintiff was not caused

---

1. The scope of plaintiff's relevance objections is difficult to ascertain. In its memorandum in support of its motion, plaintiff makes a detailed argument against the relevance of only some of the requested documents: those relating to Dr. Kogan's tax and financial status and those relating to his alleged disability. *See* Mem. in Supp. of Pl.'s Motion at 2, 6. Nevertheless, plaintiff's memorandum appears to make a general assertion in its concluding paragraph that none of the documents requested is relevant. Plaintiff's reply to defendants' opposition does not clarify the scope of plaintiff's objections because it challenges the relevance of document requests 1–6, 11, and 15 in the subpoena, *see* Pl.'s Reply to Defs.' Opp'n at 1, n. 1, but is silent as to whether it challenges the relevance of the remaining document requests, some of which plaintiff previously challenged in detail in its memorandum. Given this ambiguity, and for the sake of thoroughness, the Court discusses the relevance of all the document requests.

by their conduct, but rather by "tightened profit margins from managed care payments in the 1990s." *See* Defs.' Opp'n to Pl.'s Motion at 3. The Court finds that each of the fifteen document requests is relevant to at least one of the issues of contributory negligence, fraud, or the cause and extent of plaintiff's injuries.[2] Thus, plaintiff's objection to the subpoena on the ground of relevance is without merit.

### B. Accountant–Client Privilege

Plaintiff argues that the documents sought by document requests 7–10 and 12–14 are also protected against disclosure under the accountant-client privilege.[3] Although plaintiff concedes that the District of Columbia ("D.C.") does not recognize an accountant-client privilege, plaintiff contends that, under D.C. choice-of-law rules, the Court is bound to apply the law of the State of Maryland, which does recognize such a privilege. Plaintiff's argument is unavailing.

■ When deciding state law claims under diversity jurisdiction, a federal court must apply the choice-of-law rules of the jurisdiction in which it sits. *See The Stephen A. Goldberg Co. v. Remsen Partners, Ltd.*, 170 F.3d 191, 193 (D.C.Cir.1999). Under D.C. choice-of-law rules, where a conflict exists between the laws of two jurisdictions, a court must conduct an "interest analysis" in which it determines which jurisdiction's underlying policy would be most advanced by having its law applied to the matter. *Gatewood v. United States Cellular Corp.*, 124 F.R.D. 504, 506 (D.D.C.1989). Here, a conflict exists because Maryland recognizes an accountant-client privilege, *see* Md.Code Ann. Cts. & Jud. Pro. § 9–110(b) (1998), but D.C. does not, *see Independent Petrochemical Corp. v. Aetna Casualty and Surety Co.*, 117 F.R.D. 292, 295 (D.D.C.1987).

■ With respect to document requests 8–10 and 12–13, the Court concludes that D.C. has a more significant interest than Maryland in having its law applied to the accountant-client relationship. Where applicable, the accountant-client privilege attaches to the client. *See* Md.Code Ann. Cts. & Jud. Pro. § 9–110(b) (1998); *Gatewood*, 124 F.R.D. at 506.· Thus, the jurisdiction in which the client resides has a strong interest in having its law govern the accountant-client relationship. *See Gatewood*, 124 F.R.D. at 506. For the purpose of document requests 8–10 and 12–13, plaintiff is the client because the requests arise out of accountant Davis's professional relationship with plaintiff: the requests seek plaintiff's tax returns, financial statements, and other related documents.[4] Because plaintiff is a D.C. corporation, D.C. has a significant interest in having its law applied to these requests. By contrast, Maryland has significantly less interest. Although the accountant and the accountant's files are located in

---

**2.** Plaintiff argues that the existence of Dr. Kogan's disability is not relevant to its claims of negligence and breach of contract because UNUM allegedly already determined Dr. Kogan to be disabled when it made payments to both Dr. Kogan and plaintiff under separate disability policies. The Court disagrees. Regardless of whether UNUM's previous disability payments preclude defendants from litigating the fact of Dr. Kogan's disability (and the Court doubts that it does), defendants are entitled to discovery on this issue because the nature and extent of Dr. Kogan's disability are relevant to the amount of damages allegedly caused by defendants' conduct: plaintiff alleges damages in the amount of $750,000. Compl. at ¶ 46.

**3.** Although plaintiff's motion and supporting memorandum seem to assert the accountant-client privilege as to all fifteen document requests, its reply to defendants' opposition clarifies that plaintiff does not assert the privilege with respect to document requests 1–6, 11, and 15. Pl.'s Reply to Def.'s Opp'n at ¶ 1.

**4.** Although document request 10 also seeks documents relating to Dr. Kuhn, there is no indication that Dr. Kuhn wishes, or is even entitled, to assert the accountant-client privilege with respect to any documents covered by this request.

Maryland, their location is of marginal relevance because, as noted, any accountant-client privilege attaches to the client, not the accountant. *See id.* Thus, the Court concludes that D.C. has a more significant interest in applying its law to plaintiff's relationship with its accountant. Accordingly, any documents within the scope of requests 8–10 and 12–13 are not protected from disclosure by the accountant-client privilege.

With respect to document requests 7 and 14, the Court undertakes a different analysis. The Court cannot determine which jurisdiction has a more substantial interest because it is unclear who the client is for the purpose of analyzing these requests: plaintiff, Dr. Kogan, or both. The requests seek documents relating to Dr. Kogan's alleged disability and any communications he had with entities regarding that disability. Because Davis is the accountant for both plaintiff and Dr. Kogan, and because both Dr. Kogan and plaintiff had disability insurance policies covering Dr. Kogan, it is possible that Davis used and maintained the covered documents in his capacity as Dr. Kogan's accountant, as plaintiff's accountant, or as both.[5] Given the controlling importance of the client in the accountant-client relationship, the ambiguity surrounding the client's identity with respect to document requests 7 and 14 prevents the Court from conducting a satisfactory choice-of-law analysis; because Dr. Kogan is a Maryland resident and plaintiff is a D.C. corporation, the Court could conclude that either Maryland or D.C. has a more substantial interest in having its law applied, depending on whom it determines to be the client. Thus, on the basis of the

record, the Court is unable to determine which jurisdiction has a more substantial interest in having its law govern document requests 7 and 14.

■ Nevertheless, the Court still concludes that the accountant-client privilege does not apply to these requests. Even if the Court were to hold that Maryland has a more substantial interest, it would not apply Maryland law. Although the D.C. Court of Appeals has not ruled on the issue, at least one federal court has held that the D.C. Court of Appeals would not sanction the application of a foreign jurisdiction's accountant-client privilege, even where that jurisdiction has a more significant interest in a matter, but rather would follow the approach of the Restatement (Second) of Conflict of Laws. *See Independent Petrochemical Corp.,* 117 F.R.D. at 295. Under the Restatement approach, evidence within the scope of that jurisdiction's privilege "will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect." Restatement (Second) of Conflict of Laws § 139(2) (1971). Because D.C. has adopted other sections of the Restatement in the choice-of-law area, *see e.g., The Stephen Goldberg Co.,* 170 F.3d at 194 (stating that D.C. applies § 188 to conflicts question involving contracts); *Independent Petrochemical Corp.,* 117 F.R.D. at 295 (citing other instances of approval), the Court agrees that the D.C. Court of Appeals would decline to apply the accountant-client privilege of a foreign jurisdiction, even if that jurisdiction had a more substantial interest in the professional relationship.[6] As the Court finds no

---

5. The parties' allegations do not shed additional light on who the client is for the purpose of analyzing these document requests. Plaintiff suggests that Dr. Kogan is the client because the materials requested pertain to Dr. Kogan's disability. Pl.'s Mem. in Supp. of Motion at 4. However, as already discussed, because plaintiff had a policy covering Dr. Kogan's disability, it is possible that accountant Davis was using the documents requested in his capacity as plaintiff's accountant.

6. The Court notes that this determination is also appropriate in light of the generally disfavored status of the accountant-client privilege. *See, e.g., Independent Petrochemical Corp.,* 117 F.R.D. at 295–96 (noting that only a minority of jurisdictions have enacted an accountant-client privilege); 23 Am.Jur.2d *Depositions and Discovery* § 29 (1983) (noting that courts "have generally not found an accountant-client privilege in the absence of

special reason why it should decline to follow D.C.'s policy of admitting relevant evidence arising out of an accountant-client relationship, it declines to apply Maryland's evidentiary privilege to document requests 7 and 14.

## C.  Physician–Patient Privilege

■ In its reply to defendants' opposition, plaintiff argues that the documents sought by document requests 7 and 14 are protected from disclosure under the physician-patient privilege because they seek documents relating to Dr. Kogan's alleged disability and to communications Dr. Kogan had with any entity regarding his disability.[7] The Court disagrees that the physician-patient privilege applies to the challenged discovery requests.

The District of Columbia has enacted a statutory privilege which prevents a physician from testifying about a patient's medical condition in court without the patient's

consent.   D.C.Code  § 14–307  (1989).[8] This privilege extends to the release of information during the pretrial discovery phase. See, e.g., Whitbeck v. Vital Signs, Inc., 163 F.R.D. 398, 399–400 (D.D.C. 1995); Simpson v. Braider, 104 F.R.D. 512, 519 (D.D.C.1985). In this case, however, the privilege does not apply to the document requests challenged by plaintiff because defendants' subpoena seeks information from an accountant. The language of § 14–307 of the D.C.Code states that the privilege only prohibits doctors, surgeons, and mental health professionals from divulging confidential medical information; it does not state that those who are not doctors, surgeons, or mental health professionals are prohibited from divulging medical information which they may have about an individual.[9] Plaintiff has offered no reason why this privilege should bar an accountant from releasing otherwise discoverable information.[10]   Thus,   even

---

statute, and have construed statutory accountant-client privileges strictly").

7.   Generally, the Court will not consider arguments raised for the first time in a reply brief. See Kelso v. Department of State, 13 F.Supp.2d. 12, 17 (D.D.C.1998) (citing Herbert v. National Academy of Sciences, 974 F.2d 192, 196 (D.C.Cir.1992)). However, because the Court concludes that the physician-patient privilege is inapplicable to the challenged document requests, defendants will not suffer any prejudice from the Court considering plaintiff's newly-raised argument. See id.

8.   In relevant part, § 14–307(a) states:

In the Federal courts in the District of Columbia and District of Columbia courts a physician or surgeon or mental health professional ... may not be permitted, without the consent of the person afflicted, or of his legal representative, to discuss any information, confidential in its nature, that he has acquired in attending a client in a professional capacity and that was necessary to enable him to act in that capacity, whether the information was obtained from the client or from his family or from the person or persons in charge of him.

9.   Although one court has made an exception to the narrow scope of § 14–307, that exception is inapplicable here. In Simpson v.

Braider, 104 F.R.D. at 519, the district court ruled that the privilege prohibited third parties from disclosing information received from a doctor concerning a patient's mental health, because the third parties were the patient's parents, and because the doctor's communication to the parents was "reasonably necessary" for the patient's treatment. Here, by contrast, plaintiff has not even alleged that Davis acquired any of the information covered by the subpoena requests from Dr. Kogan's psychiatrist. Further, any information received by Davis from the psychiatrist would likely have been for the purpose of submitting an insurance claim, and not a "reasonably necessary" component of Dr. Kogan's treatment.

10.   In support of its assertion that the documents covered by the requests are privileged, plaintiff only cross-references the arguments it sets forth in its motion to quash a subpoena issued to Dr. Kogan's psychiatrist, which remains pending before the Court. The Court presumes that the basis of plaintiff's assertion is that some of the covered documents contain information regarding his depression and treatment for that depression by his psychiatrist. However, plaintiff does not address the important difference, under § 14–307, between requiring a psychiatrist and requiring an accountant to divulge confidential medical information.

though document requests 7 and 14 seek documents pertaining to Dr. Kogan's mental health condition, they may not be quashed under the physician-patient privilege because they are directed to his accountant.

## CONCLUSION

For the foregoing reasons, the Court concludes that the subpoena served on plaintiff's accountant seeks relevant documents which are not protected from disclosure under either the accountant-client or the physician-patient privilege. Federal Rule of Civil Procedure 26(b)(1) states that parties are entitled to discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Accordingly, it hereby is

ORDERED, that plaintiff's motion to quash defendants' subpoena duces tecum to La Vaughn Davis is denied.

SO ORDERED.