**Fathi SUID, Plaintiff,**

v.

**CIGNA CORPORATION, Indemnity Insurance Company of North America, and Cigna Insurance Company, Defendants.**

**No. CIV.1998/135 [1].**

District Court, Virgin Islands,
D. St. Croix.

Sept. 24, 2001.

---

1. Per Plaintiff's Third Amended Complaint the correct caption is as above. The Court has previously used an incorrect caption.

## ORDER DENYING PLAINTIFF'S RENEWED MOTION TO COMPEL

RESNICK, United States Magistrate Judge.

THIS MATTER came for consideration on Plaintiff's Renewed Motion to Compel. Indemnity Insurance Company of North America (IICNA) filed opposition to the motion. Plaintiff did not further reply.

Plaintiff's motion requests that the Court compel "Defendant"[2] to produce documents which Plaintiff requested in letters dated March 9, 2001 and March 10, 2001. Those letter were from Plaintiff's attorney to the former attorney for Defendants IICNA and Cigna Insurance Company[3] (Plaintiff's Exhibit "1" and "2"). The March 9, 2000 letter requests documents that were "mentioned" at the deposition of "the Defendant" and its witnesses. The March 10, 2000 letter results from Plaintiff's attorney's further review of the depositions and requests additional documents that were "identified" but have not been produced.

The former attorney responded by letter to Plaintiff's counsel dated April 17, 2000 (Plaintiff's Exhibit "3"). He stated that the attorneys were reviewing their files and had requested the client do likewise, "in an attempt to assemble the additional materials you requested **which are subject to discovery**" (emphasis added). He stated that "we are making every effort to obtain for you **those documents which are properly within the scope of discovery** in this case" (emphasis added).[4]

Plaintiff's motion provides no argument or citation in favor of the production sought. Presumably Plaintiff is relying on some agreement of counsel to produce documents "mentioned" and/or "identified" at certain depositions but no evidence thereof has been offered. While the former attorney's responses seem conciliatory, they clearly do not concede any blanket agreement to produce such documents (see "emphasis added" notations above).[5]

Fed.R.Civ.P. 34 provides a procedure for production of documents by a party opponent. Rule 34(b) provides that the requesting party may move for an Order under Rule 37(a) with respect to any failure to respond to the request. Neither Plaintiff's assertion that the documents were mentioned and identified at depositions, nor Plaintiff's letters with regard thereto create any basis for relief under Rule 37(a).

The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37 governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions.

---

2. Since Defendant IICNA responded, presumably it is the "Defendant" to whom this motion pertains.

3. In its answer and the substitution of counsel, that Defendant refers to itself as ACE American Insurance Company ("Ace American") formerly known as Cigna Insurance Company. In such regard, the parties should confer and seek stipulation as to the proper party.

4. A similar shorter version dated March 22, 2000, containing the same equivocal response was attached to Plaintiff's February 1, 2001 Motion to Compel as Exhibit "3."

5. To the extent there was any "agreement" with regard thereto, IICNA is requested to re-consider production without need of further proceedings.

Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery...

*Sithon Maritime Co. v. Mansion et al.,* 1998 WL 182785, at *2 (D.Kan. 1998).

As noted in *Roberts v. Americable International, Inc. et al.,* 883 F.Supp. 499, 501 n. 2 (E.D.Cal.1995):

The local litigation culture often utilizes informal requests to produce documents which are made at depositions, and most times these informal requests are honored. Nevertheless, Amerciable's informal request for production of documents made at deposition is not recognized as an appropriate discovery request under the Federal Rules, i.e. such a discovery vehicle does not exist under the Federal Rules of Civil Procedure. Americable's motion to compel is thus inappropriate and is denied for this reason.

Plaintiff has not provided evidence of any agreement to produce the subject documents and even if Plaintiff's letter request were adequate as a Rule 34 request, Plaintiff has not provided any argument asserting the relevance of the documents sought. Accordingly, it is hereby;

**ORDERED** that Plaintiff's motion is DENIED.