**Rodney JAMES, Plaintiff,**

v.

**WASH DEPOT HOLDINGS, INC., Defendant.**

No. 05–60822–CIV.

United States District Court, S.D. Florida.

Nov. 8, 2006.

---

**7.** Jamie Johnston, Esquire, signed his affidavit in his capacity as one of the attorneys for Defendant.

Peter W. Zinober, Esq., Shane T. Munoz, Esq., Zinober & McCrea, P.A., Tampa, FL, for Defendant.

Chris Kleppin, Esq., Lloyd Glasser, Esq., Glasser, Boreth, Caesar & Kleppin, Plantation, FL, for Plaintiff.

### ORDER ON MOTION FOR ORDER DIRECTING RELEASE OF RECORDS

SELTZER, United States Magistrate Judge.

THIS CAUSE is before the Court on Defendant's Motion for Order Directing Release or Production of Unemployment Compensation Records (DE 72) and the Court being sufficiently advised, it is hereby ORDERED that the motion is DENIED.

Defendant moves this Court to compel Plaintiff to provide a release authorizing Defendant to obtain Plaintiff's unemployment compensation records from the Agency for Workforce Innovation. Defendant states that it is bringing the motion pursuant to Federal Rules of Civil Procedure 34 and 37. Rule 34 authorizes a party to serve on another party a Request for the Production of Documents, and Rule 37 authorizes a party, *inter alia,* to apply for an order compelling the production of documents where the party upon which a Rule 34 document request was served fails to respond thereto. Defendant is correct in its assertion that courts have required parties to sign written authorizations consenting to the production of various documents. However, generally courts have done so where the party requesting such documents has first sought them pursuant to a Rule 34 document request or a Rule 45 subpoena. *See, e.g., Lewis v. Chicago Hous. Auth.,* No. 91 C 1478, 1991 WL 195795, at *1, 1991 U.S. Dist. LEXIS 13360, at *4 (N.D. Ill. 1991) (compelling plaintiff to sign authorization forms required by IRS in order to effectuate a subpoena for tax records); *Sklagen v. Greater Southeast Cmty. Hosp.,* 625 F.Supp. 991, 992 (D.D.C.1984) (requiring plaintiff to sign release for medical records where plaintiff had not produced a I such records in response to request for production); *Fleming v. Gardner,* 84 F.R.D. 217, 218 (E.D.Tenn.1978) (ordering Plaintiff to produce hospital records pursuant to a request for production or in lieu thereof to sign a release for the records).

Nothing in the record reflects that Defendant has sought Plaintiff's unemployment compensation records through a formal Request for Production pursuant to Rule 34 or through a subpoena directed to the Agency for Workforce Innovation pursuant to Rule 45. Rather, in an October 24, 2006 letter to Plaintiff's counsel, Defendant's counsel merely informally requested that Plaintiff execute a release for such records. The Discovery Practices Handbook (adopted by this District as Appendix A to the Local Rules) addresses informal requests for the production of documents:

> As a practical matter, many lawyers produce or exchange documents upon informal request, often confirmed by letter. Naturally, a lawyer's word once given, that a document will be produced, is the lawyer's bond and should be timely kept. Requests for production of documents may be made on the record at depositions. Depending upon the form in which they are made,

however, *informal requests may not support a motion to compel.*

L.R. S.D. Fla., Discovery Practices Handbook, App. A. (emphasis added).

Additionally, courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request. *See, e.g., Suid v. Cigna Corp.,* 203 F.R.D. 227, 228 (2001); *Sithon Maritime Co. v. Mansion,* No. Civ. A. 96–2262–EEO, 1998 WL 182785, at *2 (D.Kan. Apr.10, 1998); *Haifley v. Naylor,* No. 4:CV94–3277, 1996 WL 539212, at *1–2 (D.Neb. July 9, 1996); *Schwartz v. Mktg. Publg. Co.,* 153 F.R.D. 16, 21 (D.Conn.1994). In *Sithon Maritime,* the court refused to compel the production of documents that the plaintiff had informally requested by letter to opposing counsel. In denying the plaintiff's motion to compel, the court explained:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

1998 WL 182785, at *2. *See also Roberts v. Americable Int'l Inc.,* 883 F.Supp. 499, 501 n. 2 (E.D.Cal.1995) ("[A party's] informal request for production of documents made at deposition is not recognized as an appropriate discovery request under the Federal Rules, i.e. such discovery vehicle does not exist under the Federal Rules of Civil Procedure. [The] motion to compel is inappropriate and is denied for this reason.")

Because Defendant never served a formal discovery request (or a subpoena) for Plaintiff's unemployment compensation records, the Court will not order Plaintiff to produce such documents or to execute a release authorizing the Agency for Workforce Innovation to produce them. This Court appreciates that Defendant apparently recognized the need to obtain Plaintiff's unemployment compensation records only after Plaintiff provided supplemental disclosures as to his employment history just days before the August 21, 2006 discovery deadline. Nonetheless, Rule 37 does not authorize a court to compel documents or a release to obtain them based on an informal discovery request. Rather than filing the instant motion, the proper procedure would have been to move the District Court to continue the November 27, 2006 trial date and to reopen discovery to permit Defendant to formally request the documents pursuant to Rule 34 or Rule 45.