[Cite as *Baker v. Nationwide Mut. Ins. Co.*, 2013-Ohio-1856.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ROBERT BAKER

    Appellant

    v.

NATIONWIDE MUTUAL, et al.

    Appellee

C.A. No.      12CA010236

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     11CV171455

DECISION AND JOURNAL ENTRY

Dated: May 6, 2013

---

HENSAL, Judge.

{¶1} Robert Baker appeals a judgment of the Lorain County Court of Common Pleas that granted summary judgment to Nationwide Mutual Insurance Company. For the reasons set forth below, this Court affirms in part and reverses in part.

I.

{¶2} Mr. Baker owns several rental properties that he insured with Nationwide. In March 2007, the water pipes at an unoccupied multi-unit property burst, causing damage to the building. Following the incident, Mr. Baker made repairs to the water lines in the basement and to drywall on the first floor. Before finding new tenants, he decided to fix other parts of the property as well. Between March 2007 and June 2010, he repaired or replaced the front porch flooring, the roof on the back porch, ceiling tiles throughout the building, a broken toilet, drywall and carpeting. He also did some painting. He intended to replace one of the hot water tanks and

complete some other repairs, but sometime between June 8 and June 15, thieves broke into the property and stripped it of its copper plumbing and fixtures.

{¶3} Mr. Baker reported the break-in to the police and filed a claim with Nationwide. Nationwide denied the claim, however, because it determined that the property had been "vacant for more than 60 consecutive days[.]" After receiving Nationwide's decision, Mr. Baker sought a declaratory judgment that the damage is covered because, under his policy, "[b]uildings under construction or renovation are not considered vacant." He also sued Nationwide and the adjuster who processed his claim for damages for allegedly acting in bad faith.

{¶4} The trial court dismissed Mr. Baker's claim against the adjuster because it determined that he had failed to state a claim for relief under Civil Rule 12(B)(6). Following discovery, Nationwide and Mr. Baker filed cross-motions for summary judgment. The court granted Nationwide's motion because it determined that Mr. Baker had not repaired the 2007 damage "as quickly as possible," which it concluded was required under his policy and because his intermittent repairs to the other parts of the property did not constitute "construction or renovation." Mr. Baker has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO PROPERLY CONSIDER THE PLANTIFF'S REQUEST FOR DECLARATORY JUDGMENT, IN FAILING TO GRANT SUMMARY JUDGMENT TO PLAINTIFF AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING JUDGMENT TO DEFENDANTS; THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SEEKING DECLARATION OF INSURANCE COVERAGE AND CONTRACTUAL LIABILITY UNDER THE POLICY; THE TRIAL COURT SHOULD HAVE DENIED DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S DEPOSITION TESTIMONY, THE CONTRACTUAL LANGUAGE OF THE POLICY, THE DENIAL OF

COVERAGE LETTER WRITTEN BY NATIONWIDE'S ADJUSTER AND ITS EXPLANATION OF REASONS FOR DENIAL OF INSURANCE COVERAGE WERE NOT IN ACCORD WITH POLICY LANGUAGE INDICATING COVERAGE, AND AFFIDAVITS OF ROBERT BAKER IN THE RECORD ESTABLISHED THE ABSENCE OF ANY GENUINE ISSUE AS TO ANY MATERIAL FACT; PLAINTIFF WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

**{¶5}** Mr. Baker argues that the trial court incorrectly denied his motion for summary judgment and improperly granted Nationwide's motion. We review a summary judgment order de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E).

**{¶6}** The trial court granted Nationwide's motion for summary judgment for two reasons. First, noting that the policy required Mr. Baker to "[r]esume all or part of your 'operations' as quickly as possible" following a loss to covered property, the court determined that, because Mr. Baker did not repair and resume renting the property for more than three years after the March 2007 pipe-bursting incident, he did not have insurance coverage at the time of the June 2010 loss. Second, it determined that there was no coverage because the property had

been vacant for more than 60 days before the June 2010 break-in and Mr. Baker's miscellaneous minor repairs did not constitute "construction" or "renovation" based on the plain and ordinary meaning of those words.

{¶7} Mr. Baker argues that it was improper for the court to consider the "as quickly as possible" language in the policy because Nationwide did not cite that language in the letter it sent to him explaining why it had denied coverage for the June 2010 incident. He also argues that the policy does not set any specific time limit for completing repairs following a loss event. According to him, he was doing the best he could to get his units back on the market.

{¶8} Upon review of the insurance policy, we conclude that the trial court's decision was incorrect. Mr. Baker's duty to resume operations "as quickly as possible" after a loss was not a condition precedent to coverage, but a duty bearing on the amount of his recovery. *Auto-Owners Ins. Co. v. Hansen Housing Inc.*, 2000 SD 131, 604 N.W.2d 504, ¶ 43. Such provisions merely place an obligation on the insured party to mitigate his damages. *Lakeland True Value Hardware, LLC v. Hartford Fire Ins. Co.*, 153 Idaho 716, 291 P.3d 399, 407 (2012). Also, because the contract is devoid of explanation of the term "as quickly as possible" it does not stand to reason that it is a condition precedent to coverage. *See Mandat v. Reinecker's Bakery*, 9th Dist. No. 16241, 1993 WL 526653, *3 (Dec. 15, 1993) (concluding that ambiguous provision in insurance policy was not a condition precedent). The policy does not mandate a determination of what is 'as quickly as possible' in the objective sense, as it sets forth no standards by which this determination can be objectively reviewed. In addition, the duty to resume operations applies only if there has been a loss "to Covered Property." In this case, Mr. Baker did not have coverage for the March 2007 damage because the property had been vacant for more than 60 days before that incident. Accordingly, the pipe-bursting incident did not trigger a duty for Mr.

Baker to resume his operations as quickly as possible. The property had not had a tenant since October 2006 so there were, in effect, no operations to resume.

{¶9}	Furthermore, even if Mr. Baker had an obligation to resume operations as quickly as possible, the policy does not contain any specific time limits. This Court has held that "an insurance policy subject to different interpretations will be given that interpretation most favorable to the insured, especially in the case of exclusions and exceptions." *Hicks v. Moore Memorial United Methodist Church*, 9th Dist. Nos. 11382, 11383, 1984 WL 6175, *2 (May 23, 1984). Mr. Baker has established that there is a genuine issue of material fact with respect to whether he repaired the March 2007 damages as quickly as he was able to do so. He testified that he was in fact working to repair and restore the premises as quickly as he was able, thereby raising a material issue of fact whether or not he made the repairs as quickly as he was able to do so. The trial court found that he was not working fast enough and denied coverage. In making this determination, the court impermissibly made a finding of fact.

{¶10}	Regarding whether the property was "vacant" at the time it was broken into in June 2010, Mr. Baker has argued that the property was not vacant because it was "under construction or renovation[.]" The policy does not define either of those terms. Webster's Third New International Dictionary defines "renovation" as "the act or process of renovating" or "the state of being renovated." It defines "renovate" as "to restore to life, vigor, or activity: revive, regenerate" or "to restore to a former state (as of freshness, soundness, purity, or newness of appearance): make over: renew < ~a house>[.]" *Webster's Third New International Dictionary* 1922-1923 (1993). According to Mr. Baker, he worked on the house continuously from March 2007 through June 2010. He repaired broken water lines, replaced damaged ceiling tiles, changed a lock, repaired toilets, repaired drywall, replaced a hot water tank, repaired the front

porch floorboards and the rear porch steps, and replaced the rear porch roof. He testified that he had last worked on the house within a week before it was broken into and still had several more projects to do before the building would be ready for new tenants.

{¶11} Construing the insurance policy in a light most favorable to Mr. Baker and the evidence in the record in a light most favorable to him as well, we conclude that Mr. Baker has established that a genuine issue of material fact exists regarding whether his activities at the house constituted "renovation" under the policy. *See Belich v. Westfield Ins. Co.*, 11th Dist. No. 99-L-163, 2001 WL 20751, *3 (Dec. 29, 2000) ("The removal of a stage and some coat racks would be sufficient to constitute renovation."); *see also The Farbman Group v. Travelers Ins. Cos.*, E.D.Mich. No. 03-74975, 2006 WL 2805646, *8 (Sept. 28, 2006) ("[R]epairs that are directed at the restoration of property to its former state are considered 'renovations.'"); *Brouillette v. Phoenix Assur. Co.*, 340 So.2d 667, 671 (La.App. 1977) (concluding that the meaning of the word "construction" was ambiguous and, therefore, had to be construed against the insurer). To find otherwise would require an impermissible weighing of the evidence on summary judgment. The trial court, therefore, incorrectly determined that Nationwide was entitled to judgment as a matter of law.

{¶12} Given the record before this Court, reasonable minds could come to different conclusions about whether the property was "under renovation." *See Milkovich v. Lorain Journal Co.*, 65 Ohio App.2d 143, 149 (9th Dist.1979) ("[I]f the facts are undisputed, the issue is one for the court; but, where the circumstances are such that reasonable minds might reach different conclusions as to the inferences to be drawn from the undisputed evidence, there arises a question of fact[.]"). Accordingly, although the trial court correctly denied Mr. Baker's motion

for summary judgment, it incorrectly granted Nationwide's motion. Mr. Baker's assignment of error is sustained in part and overruled in part.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED GEORGE BISSELL'S MOTION TO DISMISS ALL CLAIMS MADE AGAINST HIM.

{¶13} Mr. Baker also argues that the trial court should not have dismissed his bad faith claim against the adjuster who processed his insurance claim. He argues that individual insurance adjusters should be liable if they personally acted in bad faith in processing a claim.

{¶14} The Ohio Supreme Court has held that, "based on the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of the claims of its insured." *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276 (1983). "A breach of this duty will give rise to a cause of action against the insurer," which sounds in tort. *Id*.

{¶15} Mr. Baker argues that individual insurance adjusters also have a duty to act in good faith. The duty of an insurer to act in good faith, however, arises out of its contractual relationship with an insured. *Id*. at 275-76. According to the Ohio Supreme Court, it is "immanent" in the parties' contract. *Id*. at 276, quoting *Gruenburg v. Aetna Ins. Co.*, 9 Cal.3d 566, 575 (1973). An individual insurance adjuster does not have a contractual relationship with a policyholder and, consequently, does not have a corresponding personal duty to act in good faith. *Johnson v. State Farm Ins. Co.*, 8th Dist. No. 75497, 1999 WL 1206603, *3 (Dec. 16, 1999) ("[T]here is no duty owed by an insurance adjuster, in his individual capacity, to a person making a claim on their policy of insurance.").

**{¶16}** "Torts arise from the breach of certain duties of conduct that are imposed by law for the protection of all persons within range of the harm or injury proximately resulting from such breach." *Kocisko v. Charles Shutrump & Sons Co.*, 21 Ohio St.3d 98, 99 (1986). Even accepting the allegations in Mr. Baker's complaint as true, he can prove no set of facts that would establish that the adjuster owed him a duty, in his individual capacity, to act in good faith in processing Mr. Baker's claim. *See* Civ.R. 12(B)(6). The trial court, therefore, correctly dismissed his claim against the adjuster. Mr. Baker's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO CONDUCT AN IN CAMERA INSPECTION OF THE CLAIMS FILE AND IN DENYING THE INSURED DISCOVERY OF THE CLAIMS FILE MATERIALS CONTAINING ATTORNEY-CLIENT COMMUNICATIONS RELATED TO THE ISSUE OF COVERAGE THAT WERE CREATED PRIOR TO THE DENIAL OF COVERAGE AS INSURED PLAINTIFF REQUESTED.

**{¶17}** Mr. Baker also argues that the trial court incorrectly refused to order Nationwide to produce its claims file. After Mr. Baker sought discovery of the file, Nationwide moved to bifurcate his bad faith claim and stay any discovery related to it. The court granted its motion. The court also denied, "at this time," a motion to compel Mr. Baker had filed regarding the file.

**{¶18}** The trial court did not deny Mr. Baker the right to access the claims file, it merely stayed any issues regarding the file until the coverage dispute was resolved. In *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209 (2001), the Ohio Supreme Court held that, "[i]n an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage." *Id.* at syllabus. If, however, "the trial court finds that the release of this information will inhibit the insurer's ability to defend on the underlying claim,

it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim." *Id*. at 214.

{¶19} Mr. Baker has not challenged the correctness of the trial court's decision to bifurcate his bad faith claim. Accordingly, we conclude that, because the court has not denied Mr. Baker access to the file, but merely stayed it pending resolution of the coverage dispute, his argument is not ripe for review. Mr. Baker's third assignment of error is overruled.

### III.

{¶20} The trial court incorrectly granted summary judgment to Nationwide. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING.

{¶21} I concur. I write separately to point out that Mr. Baker's argument in support of his third assignment of error is very limited, focusing solely on whether the trial court should have allowed him to conduct discovery on his bad faith claim. As the main opinion notes, the trial court bifurcated Mr. Baker's bad faith claim, and he has not challenged that decision. Furthermore, Mr. Baker has not argued on appeal that any of the information he seeks is related to his coverage action, nor does it appear from his motion to compel that he was seeking discovery related to coverage. While some parts of an insurance company's claim file would likely be discoverable in a coverage action (e.g. phone call records, correspondence with the insured), Mr. Baker has not made any such argument in this case. Thus, in light of Mr. Baker's limited focus on appeal, his third assignment of error is not ripe for review at this time.

APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellant.

GREGORY E. O'BRIEN and ERIC J. WEISS, Attorneys at Law, for Appellee.