**[Cite as *Miller v. State Farm Mut., Auto. Ins. Co.*, 2015-Ohio-280.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| HOWARD MILLER, et al. | C.A. No.    27236 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE FARM MUTUAL, AUTOMOBILE INSURANCE COMPANY, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.    CV 2012-11-6505 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: January 28, 2015

CARR, Judge.

{¶1}   Appellant Howard Miller appeals the order of the Summit County Court of Common Pleas that granted a motion by State Farm Mutual Automobile Insurance Company, compelling him to provide medical authorization releasing his medical records to State Farm. This Court reverses and remands.

I.

{¶2}   After sustaining injuries in an automobile accident, Mr. Miller filed a complaint alleging negligence against the driver of the car that hit him. His wife Betty alleged a claim for loss of consortium. In addition, Mr. Miller alleged a claim against State Farm, seeking payment of underinsured motorist benefits pursuant to his insurance policy with State Farm. State Farm answered, admitting that it had issued an insurance policy to Mr. Miller that included underinsured motorist protection in the amount of $100,000. It further alleged a cross-claim

against the driver named in Mr. Miller's complaint, seeking indemnification and/or contribution for benefits paid to Mr. Miller.

{¶3} The parties engaged in discovery. Mr. Miller responded to the defendant-driver's first set of interrogatories and request for production of documents, producing certain medical records and bills and averring that he had provided medical records and bills or that he will provide or make them available. State Farm did not itself serve any such requests for discovery, describing such efforts as duplicative and instead relying on discovery sought by the defendant-driver. Mr. Miller was later deposed by defendants' counsel. At the conclusion of the deposition, State Farm sought additional medical records regarding Mr. Miller's injuries alleged to have occurred as a result of the accident. Mr. Miller refused to execute a medical authorization to allow State Farm to obtain such records. Moreover, Mr. Miller insisted that his records be sent to his counsel who would then determine which records State Farm was entitled to review.

{¶4} Based on its asserted inability to obtain all medical records which might either prove or delimit the extent of Mr. Miller's injuries sustained as a result of the accident, State Farm filed a motion to compel, or in the alternative, a motion in limine to exclude any evidence regarding Mr. Miller's alleged injuries and damages. State Farm appended Mr. Miller's answers to interrogatories and the medical records it had received to date, as well as a letter to Mr. Miller's counsel requesting supplemental discovery including medical records establishing Mr. Miller's claims.

{¶5} Mr. Miller opposed the motion to compel. He appended a letter sent by his counsel to defendants' counsel informing that he authorized Records Deposition Services to obtain his medical records relative to the accident. The letter further informed the defendants

that they could request Mr. Miller's medical records, "subject to our right to object" from Records Deposition Services. Mr. Miller asserted that, notwithstanding State Farm's failure to serve him with any requests for production of documents, he had provided all medical records, bills, and liens that he had received. He argued that, should he object to the production of certain additional documents on the basis of physician-patient privilege or HIPAA protections, the issue of disclosure must be resolved by the trial court after in camera inspection of those documents.

{¶6} State Farm replied that an order compelling Mr. Miller to execute authorization for the insurance company to obtain his medical records and bills was warranted because the determination whether or not the records were "causally or historically related" to the incident was within the purview of Mr. Miller's physicians, not Mr. Miller.

{¶7} The trial court issued an order granting State Farm's motion to compel and ordering Mr. Miller to provide medical authorization, compliant with R.C. 2317.02 and HIPAA, to State Farm within three days. Mr. Miller appealed, raising one assignment of error for review.

II.

{¶8} Mr. Miller argues that the trial court erred by issuing the following order, which appellant recites in toto:

> This matter is before the court on the motion of defendant State Farm Mutual Automobile Insurance Company ("State Farm"), on the plaintiffs' response, and on State Farm's reply.
>
> Upon consideration of the motion to compel, the court finds it to be in order. Therefore, the court hereby orders plaintiff to provide a medical authorization that is compliant with R.C. 2317.02 and HIPAA to the defendant within three days of the date of this order so the matter may proceed.
>
> **Should the plaintiff fail to comply with this order, the court will either entertain a motion from the defendants for dismissal of the plaintiffs' claims or it will sua sponte dismiss this action pursuant to Civ.R. 37(B)(2)(c).**
>
> IT IS SO ORDERED.

**{¶9}** As a preliminary matter, we must first determine whether the order appealed constitutes a final, appealable order which this Court has jurisdiction to consider. State Farm argues that the order is merely interlocutory and does not implicate the issue of privilege, rendering it a non-final order. Mr. Miller argues that the order constitutes a provisional remedy that affects a substantial right and in effect determines the action, precluding any meaningful remedy by appeal following a final judgment. We agree with Mr. Miller that the trial court's order is a final, appealable order which this Court has jurisdiction to review.

**{¶10}** "Generally, trial court orders addressing discovery issues are merely interlocutory and not immediately appealable." *Bowers v. Craven*, 9th Dist. Summit No. 25717, 2012-Ohio-332, ¶ 14, citing *Novak v. Studebaker*, 9th Dist. Summit No. 24615, 2009-Ohio-5337, ¶ 14, citing *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121 (1997). Nevertheless, the legislature has carved out certain limited exceptions to the general rule. This Court recognizes one such exception with regard to orders for the disclosure of privileged matters pursuant to R.C. 2505.02(B), which states:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

*See, e.g., Grove v. Northeast Ohio Nephrology Assoc., Inc.*, 164 Ohio App.3d 829, 2005-Ohio-6914, ¶ 7-9 (9th Dist.).

**{¶11}** A "provisional remedy" is "a proceeding ancillary to an action, including, but not limited to, * * * discovery of privileged matter * * *." R.C. 2505.02(A)(3).

**{¶12}** The law recognizes that a person's medical records are confidential. *Hageman v. Southwest Gen. Health Ctr.*, 119 Ohio St.3d 185, 2008-Ohio-3343, ¶ 9; R.C. 149.43(A)(1)(a) (medical records excluded from public records); R.C. 2317.02(B) (privileged communications between physician and patient). Mr. Miller has refused to execute an authorization for State Farm's unfettered access to his medical records on the grounds that some records may retain their privileged nature. Accordingly, contrary to State Farm's assertion, concerns regarding the disclosure of privileged matters exist in this case. Therefore, the order falls within the purview of a "provisional remedy."

**{¶13}** Moreover, as the order determined the discovery issue and prevented a judgment in favor of Mr. Miller on that issue, R.C. 2505.02(B)(4)(a) is met. Finally, Mr. Miller would not be afforded a meaningful remedy should he be compelled to wait to appeal the trial court's order after the final judgment in the case was rendered because the confidentiality of his medical records would have already been compromised. Accordingly, the order meets the requirements of R.C. 2505.02(B)(4)(b). As we reasoned in *Grove, supra*, at ¶ 9, the trial court's order requiring Mr. Miller to authorize access by State Farm to his medical records constitutes a final, appealable order which this Court has jurisdiction to review. *See also Amer Cunningham Co., L.P.A. v. Cardiothoracic Vascular Surgery of Akron*, 9th Dist. Summit No. 20899, 2002-Ohio-3986, ¶ 4-11 (concluding that an order granting a provisional remedy, here regarding the disclosure of privileged attorney-client matters, constituted a final, appealable order pursuant to R.C. 2505.02(B)(4)).

{¶14} To the extent that the order indicates that the trial court will consider a motion by State Farm to dismiss the complaint or may sua sponte dismiss the complaint should Mr. Miller fail to execute a medical authorization form within three days, that issue is not ripe for appeal. Accordingly, this Court will not address the propriety of dismissal of Mr. Miller's complaint as that matter remains merely speculative.

{¶15} Regarding the substance of this appeal, Mr. Miller argues that the trial court's order implicates several issues for review: (1) Could State Farm avail itself of the procedural mechanism set forth in Civ.R. 37(A) to move to compel the disclosure of Mr. Miller's medical records? (2) Did State Farm use reasonable efforts to resolve this matter as required by Civ.R. 37(E) prior to filing its motion to compel? (3) Did the trial court err by failing to conduct an in camera inspection of any objectionable medical records before ordering Mr. Miller to provide State Farm with a medical authorization?

{¶16} Mr. Miller noted multiple times both below and on appeal that State Farm never propounded any requests for discovery on him. Specifically, State Farm did not serve Mr. Miller with either any interrogatories pursuant to Civ.R. 33, or any requests for production of documents pursuant to Civ.R. 34. Nevertheless, without any citation to authority, State Farm asserts that it was not required to propound what would have merely been duplicative discovery requests, and that any party could properly seek to compel responses to any other party's requests for discovery. Specifically, State Farm argues that, because the other driver's attorney served interrogatories and a request for production of documents on Mr. Miller, State Farm was authorized to ensure Mr. Miller's compliance with those discovery requests. Moreover, although the insurance company requested in a notice of deposition that Mr. Miller bring his medical records to the deposition, State Farm has not argued that that constituted a discovery request.

{¶17} Civ.R. 37(A)(2) addresses motions for orders compelling discovery and states, in relevant part:

> If * * * a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, *the discovering party* may move for an order compelling an answer or an order compelling inspection in accordance with the request.

Emphasis added.

{¶18} Here, by the plain language of the rule, the party who propounded the discovery request may move the trial court for an order compelling a response. Axiomatically, where a party has not propounded any requests for discovery, it reasonably has no basis on which to seek an order compelling disclosure of information from an opponent.

{¶19} There is understandably a dearth of case law involving parties who, despite their failure to propound any discovery requests, have filed motions to compel the production of discovery. The Second District Court of Appeals addressed a similar issue in *Bd. of Clark Cty. Commrs. v. Newberry*, 2d Dist. Clark No. 2002-CA-15, 2002-Ohio-6087. In that case, the trial court excluded an expert report that the defendants provided to the opposing party only one day before trial. The appellate court reversed, concluding that although the parties had informally engaged in some voluntary sharing of information, they "never * * * dispense[d] with the formal discovery procedures set forth in the Civil Rules." *Id.* at ¶ 14. Because they did not, pursuant to Civ.R. 29, "by written stipulation * * * modify the procedures provided by these rules for other methods of discovery[,]" the *Newberry* court concluded that they were bound by the discovery rules. Therefore, because the Board of Commissioners never filed any discovery request for the expert report, they were not entitled to provision of the report prior to trial or the imposition of any discovery sanction pursuant to Civ.R. 37(B). *Id.* at ¶ 15.

**{¶20}** Federal courts too have refused to compel parties to provide certain materials in discovery where the parties have only informally requested such information instead of having issued formal discovery requests pursuant to the Federal Rules of Civil Procedure. *See, e.g., Suid v. Cigna Corp.*, 203 F.R.D. 227 (Dist.Virgin Islands2001) (motion to compel denied where letter did not constitute an adequate F.R.C.P. 34 request); *Sithon Maritime Co. v. Holiday Mansion*, D.Kan. No. CIV.A. 96-2262-EEO, 1998 WL 182785 (Apr. 10, 1998); *Alberts v. Wheeling Jesuit Univ.*, N.D.W.Va. No. 5:09-CV-109, 2010 WL 2253518, *3 (June 1, 2010) ("A court cannot grant a motion to compel unless a previous formal discovery request preceded the motion to compel."); *Patterson v. Kim*, W.D.Mich. No. 1:08-cv-873, 2009 WL 1911819 (July 1, 2009) (reasoning that, while informal requests for information from another party may be expeditious, a motion to compel may only be predicated on the party's failure to comply with formal discovery requests); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693 (S.D.Fla.2006) (a lack of a prior formal discovery request precludes the issuance of an order to produce documents).

**{¶21}** The trial court cannot compel a response from one party to another who has not yet issued a request. Under these circumstances, State Farm could not yet avail itself of the procedural mechanism set forth in Civ.R. 37(A). Any motion by State Farm for an order to compel disclosure was improper in the absence of service of its own discovery requests upon Mr. Miller. Accordingly, Mr. Miller's assignment of error is sustained.

III.

**{¶22}** Mr. Miller's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P.J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

RUSSELL SMITH, Attorney at Law, for Appellant.

KIMBERLEE J. KMETZ, Attorney at Law, for Appellee State Farm Mutual Automobile Insurance Company.

PHILLIP C. KOSLA, Attorney at Law, for Andrea Baylets.