[Cite as *Cook v. EMH Regional Healthcare Sys.*, 2016-Ohio-528.]

STATE OF OHIO      )             IN THE COURT OF APPEALS
                          )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

M.C., A MINOR, et al.             C.A. No.     14CA010654

     Appellants

     v.                               APPEAL FROM JUDGMENT
                                    ENTERED IN THE
EMH REGIONAL HEALTHCARE     COURT OF COMMON PLEAS
SYSTEM, et al.                    COUNTY OF LORAIN, OHIO
                                    CASE No.    12CV175644

     Appellees

DECISION AND JOURNAL ENTRY

Dated: February 16, 2016

---

HENSAL, Presiding Judge.

**{¶1}** Jennifer Cook, Mark Cook, and their daughter M.C. appeal a judgment entry of the Lorain County Court of Common Pleas that allows EMH Regional Healthcare System (EMH), Corie Kovach, M.D., and Erie Shore Women's Health, Inc. to seek discovery of the facts surrounding plaintiff's expert witness's resignation from the American College of Obstetricians and Gynecologists (ACOG). For the following reasons, this Court affirms.

I.

**{¶2}** In 2009, Mrs. Cook gave birth to M.C. at EMH. During the delivery, M.C. sustained significant injury to her right brachial plexus. In 2012, the Cooks sued the doctor who delivered the baby, her practice, and EMH. The Cooks attached to their complaint an affidavit of merit from Dr. Lawrence Borow.

**{¶3}** After the defendants answered, discovery commenced, and the trial court set the trial for June 9, 2014. On May 21, 2014, the Cooks filed a motion in limine, seeking to exclude

at trial any testimony or other evidence about Dr. Borow's resignation from ACOG. According to the Cooks, any evidence about the resignation is confidential and privileged peer review material under Revised Code Section 2305.252 and is also inadmissible under Evidence Rules 402, 403(A), and 608(B).

{¶4}  After the defendants opposed the Cooks' motion, the trial court set the motion for hearing. Following the hearing, the court entered a judgment entry allowing defendants to "discover" "[w]hether a complaint was filed against Dr. Borow with ACOG * * *," "[t]he nature of the complaint made * * *," and "[t]he identification of the specific case out of which the complaint * * * arose." The Cooks have appealed, assigning as error that the court's order violates the peer review privilege under Section 2305.252.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL JUDGE'S FINAL ORDER VIOLATES THE PEER REVIEW PRIVILEGE ESTABLISHED IN R.C. 2305.252.

{¶5}  The Cooks argue that the trial court's entry violates Civil Rule 26 and Section 2305.252 because it requires them to disclose privileged information. Upon review of the record, however, we are unable to confirm that the Cooks ever argued to the trial court that the records or testimony was privileged or that those same records or testimony were even ever requested in discovery. On May 21, 2014, the Cooks filed a "Motion in Limine to Exclude Testimony, Evidence, or Any Reference to Dr. Borow's Resignation from ACOG." In their motion, the Cooks made several arguments asserting reasons why the defendants should be precluded "from introducing evidence of, cross-examining as to, or otherwise referring to, the circumstances that gave rise" to Dr. Borow's resignation from ACOG at trial. They did not make any arguments about whether information about the resignation is discoverable,

acknowledging that Dr. Borow had not been asked about his relationship with ACOG at his deposition.

{¶6} On June 4, 2014, Dr. Kovach and Erie Shore opposed the motion in limine, arguing that Dr. Borow's reasons for resigning from ACOG are not privileged under Section 2305.252 and are admissible under the rules of evidence. In their opposition brief, Defendants did not discuss whether evidence about Dr. Borow's resignation from ACOG is discoverable or move to compel such information. On June 30, 2014, the trial court set the "Pending Motion in Limine" for hearing.

{¶7} The judgment entry that the Cooks have appealed from allows the defendants to discover certain information about Dr. Borow's resignation from ACOG. It does not address the issue that the Cooks raised in their motion in limine, which was whether such information can be admitted at trial. Accordingly, to the extent that the Cooks' argument on appeal concerns what is admissible at trial, their argument is not ripe. *See Baker v. Nationwide Mut. Ins. Co.*, 9th Dist. Lorain No. 12CA010236, 2013-Ohio-1856, ¶ 19 (concluding that issue was not ripe for appeal when trial court had not yet addressed it). To the extent that the judgment entry permits the discovery of such issues, it does not appear from the record that the Cooks made this argument to the trial court. *See JPMorgan Chase Bank, N.A. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that were not raised in the trial court cannot be raised for the first time on appeal."). The arguments that the Cooks made in their motion in limine were restricted to what information is admissible at trial, not what information is subject to discovery. To the extent that they may have opposed any request for discovery of the alleged peer review materials or made an oral motion for a protective order at the hearing on the motion in limine, we note that the record does not contain a transcript of what transpired at the hearing.

{¶8} Additionally, the record in this case does not compel a conclusion that the trial court erred because it issued a discovery order when the only issue before it was admissibility. Not only is it possible that Dr. Kovach or Erie Shore made an oral motion to compel discovery at the hearing on the motion in limine, the Cooks have not argued that the trial court lacked authority to issue a discovery ruling. *Compare Miller v. State Farm Mut. Auto Ins. Co.*, 9th Dist. Summit No. 27236, 2015-Ohio-280, ¶ 15-16. We decline to raise the issue sua sponte, especially in light of the lack of transcript. *See State v. Barry*, 9th Dist. Medina No. 05CA0072-M, 2006-Ohio-2275, ¶ 5 (declining to remand on grounds not argued). The Cooks' assignment of error is overruled.

## III.

{¶9} The Cooks' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶10} I respectfully dissent. Although the Cooks couched the issue in terms of a motion in limine, the trial court treated it as a motion for a protective order. It, thereafter, denied the motion for a protective order and allowed the defendants to discover the information the Cooks sought to shield. All parties agree that the issue is whether the materials the trial court ordered to be disclosed are privileged. No party raised the issue that the discovery order pertains only to trial and is premature. Accordingly, I would address the appeal on its merits.

APPEARANCES:

MICHAEL F. BECKER and PAMELA PANTAGES, Attorneys at Law, for Appellants.

JEANNE M. MULLIN, Attorney at Law, for Appellees.

MICHAEL P. MURPHY and JUSTIN D. HARRIS, Attorneys at Law, for Appellees.