[Cite as *Pietrangelo v. PolyOne Corp.*, 2020-Ohio-2776.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JAMES E. PIETRANGELO, II        C.A. No.      19CA011550

     Appellant

     v.                            APPEAL FROM JUDGMENT
                                        ENTERED IN THE

POLYONE CORPORATION, et al.       COURT OF COMMON PLEAS
                                        COUNTY OF LORAIN, OHIO

     Appellees                       CASE No.      17CV192741

DECISION AND JOURNAL ENTRY

Dated: May 4, 2020

---

HENSAL, Judge.

**{¶1}** James Pietrangelo, II appeals from the judgment of the Lorain County Court of Common Pleas. This Court dismisses the attempted appeal for lack of a final, appealable order.

I.

**{¶2}** In October 2017, Mr. Pietrangelo filed an amended complaint against PolyOne Corporation and The Lubrizol Corporation (individually, "PolyOne" and "Lubrizol"; collectively, "the Defendants"), asserting claims for nuisance and negligence based upon the Defendants' operation of their manufacturing facilities in Avon Lake. According to his amended complaint, Mr. Pietrangelo was subjected to vibrations, noise, and/or fumes/smells at his residence that were coming from the Defendants' industrial campus in early May 2017. His amended complaint asserted, in part, that:

> It felt/feels as if he was/is being microwaved or irradiated. His skin, eyes, internal organs, and extremities felt/feel burned and hurt, and his internal fluids (intestinal gases and blood) felt/feel roiled. His kidneys or kidney areas were/are painful and felt/feel as if they had/have been repeatedly punched. He experienced/experiences

nausea, dizziness or vertigo, pain and/or a trembling or weak or shaky feeling in his extremities, and headache. His eardrums pounded/pound, and his heart felt/feels as if it was/is palpitating. He felt/feels short of breath, and his lungs were/are irritated. He was/is unable to sleep or slept/sleeps very little or poorly * * *.

He further asserted that he experienced tinnitus and anxiety.

{¶3}    Lubrizol issued discovery requests to Mr. Pietrangelo, requesting that he identify his medical providers and produce a complete set of his medical records related to his treatment for the conditions referenced in his amended complaint. In response, Mr. Pietrangelo produced the medical records in his personal possession (which contained redactions) and, according to Lubrizol, an incomplete list of medical providers. As a result, Lubrizol requested that Mr. Pietrangelo execute medical authorizations, which would allow it to obtain Mr. Pietrangelo's medical records directly from his providers. Mr. Pietrangelo refused to execute the medical authorizations. Lubrizol then filed a motion to compel, seeking an order compelling Mr. Pietrangelo to supplement his identification of his healthcare providers, and causing all medical records to be produced to the court for an in camera review. Lubrizol further requested that the court order Mr. Pietrangelo to execute medical authorizations, which it attached to its motion.

{¶4}    Mr. Pietrangelo opposed Lubrizol's motion and filed a "Motion to Strike and to Show Cause/for Sanctions; Alt[ernatively], to Seal[.]" He argued, in part, that Lubrizol's motion to compel and its attachments contained confidential information that should have been filed under seal pursuant to a previously executed protective-order agreement.

{¶5}    About one month later, the trial court granted Lubrizol's motion to compel, providing Mr. Pietrangelo with the following option: (1) execute the medical authorizations; or (2) refuse to execute the medical authorizations and be foreclosed from producing medical evidence (including medical records and expert testimony) at trial. The trial court noted that the latter option

would not foreclose Mr. Pietrangelo from testifying on his own behalf about his medical condition. The trial court ordered Mr. Pietrangelo to make his selection within seven days.

{¶6} Mr. Pietrangelo filed objections to the trial court's order, arguing that he already produced his medical records with only minor redactions, and that requiring him to execute the medical authorizations violated HIPAA and his due-process rights. The Defendants filed responses to Mr. Pietrangelo's objections. The following day, the trial court issued an order overruling Mr. Pietrangelo's objections to its prior order. Mr. Pietrangelo has appealed those orders (i.e., the original order and the order overruling his objections to the original order), which – he asserts – also implicitly denied his "Motion to Strike and to Show Cause/for Sanctions; Alt[ernatively], to Seal[.]" Mr. Pietrangelo has raised two assignments of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND/OR ABUSED DISCRETION TO THE PREJUDICE OF PLAINTIFF PIETRANGELO IN ENTERING ITS AUGUST 14, 2019 AND AUGUST 30, 2019 ORDERS CONCERNING MEDICAL AUTHORIZATIONS, AND SPECIFICALLY IN GRANTING DEFENDANT LUBRIZOL'S JULY 9, 2019 MOTION TO COMPEL AND IN ORDERING PIETRANGELO TO WITHIN SEVEN (7) DAYS OF THE ENTRY DATE CHOOSE EITHER TO EXECUTE ANY AND ALL HIPAA MEDICAL RELEASES IN FAVOR OF LUBRIZOL AND DEFENDANT POLYONE OR BE FORECLOSED FROM INTRODUCING AT TRIAL ANY EVIDENCE OF A MEDICAL NATURE, INCLUDING BUT NOT LIMITED TO HIS MEDICAL RECORDS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND/OR ABUSED DISCRETION TO THE PREJUDICE OF PIETRANGELO IN ENTERING ITS AUGUST 14, 2019 ORDER CONCERNING MEDICAL AUTHORIZATIONS, AND SPECIFICALLY IN IMPLICITLY DENYING PIETRANGELO'S JULY 19, 2019 MOTION TO STRIKE/FOR SANCTIONS, ALTERNATIVELY TO SEAL, LUBRIZOL'S JULY 9, 2019 MOTION TO COMPEL AND ITS EXHIBITS,

THEREBY LEAVING PLAINTIFF'S CONFIDENTIAL INFORMATION UNSEALED ON THE DOCKET.

{¶7}    In his first assignment of error, Mr. Pietrangelo argues that the trial court erred by requiring him to choose between executing the medical authorizations, or being foreclosed from presenting medical evidence at trial.  In his second assignment of error, Mr. Pietrangelo argues that the trial court erred by implicitly denying his "Motion to Strike and to Show Cause/for Sanctions; Alt[ernatively], to Seal[.]"

{¶8}    Before this Court can reach the merits of an appeal, we must consider whether the orders appealed from are final, appealable orders as "[t]his Court has jurisdiction to hear appeals only from final judgments." *Peppeard v. Summit Cty.*, 9th Dist. Summit No. 25057, 2010-Ohio-2862, ¶ 9, citing Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02.  "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Id.*  Specific to this case, "[o]rders regarding discovery are considered interlocutory and, in general, are not immediately appealable." *Id.* at ¶ 10.  That said, Revised Code Section 2505.02(B)(4) provides that an order is a final, appealable order when it grants or denies of provisional remedy, and both of the following apply:

> The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4)(a)-(b).  Section 2505.02(A)(3) defines "[p]rovisional remedy[,]" in part, as "a proceeding ancillary to an action, including * * * discovery of privileged matter[.]"

{¶9}    Consistent with the foregoing Sections, this Court has held that "[a] trial court's order is final and appealable to the extent it compels production of claimed privileged materials."

*Peppeard* at ¶ 10. But, as the Ohio Supreme Court has stated, an order that "direct[s] a witness opposing a discovery request to submit the requested materials to an *in camera* review so that the court may determine their discoverable nature is not a final appealable order pursuant to R.C. 2505.02." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60 (1993), syllabus. This Court addressed such an order (i.e., an order requiring a party to execute medical authorizations, and further ordering that all records be sent directly to the court for an in camera review) in *Medas v. Monyak*, 9th Dist. Lorain No. 13CA010487, 2015-Ohio-1252. There, this Court provided the following analysis:

> We conclude that the present case is aligned with those cases where the court has entered a provisional remedy, but the order does not meet the requirements of R.C. 2505.02(B)(4)(a) and (b). This is because the trial court has not ordered unfettered disclosure to [the defendant] of the records he requested. Instead, it directed that all such records be forwarded to the court for an in camera inspection. Because the in camera inspection has not yet occurred, "there is no way of knowing whether the trial court would deem it necessary to include certain limitations in an order compelling the discovery of privileged materials" or which records, if any, it will order disclosed to [the defendant]. *See Peppeard* at ¶ 12. Thus, the order did not "determine[] the action with respect to the provisional remedy" or "prevent[] a judgment in the action in favor of the appealing party with respect to the provisional remedy." *See* R.C. 2505.02(B)(4)(a).

*Medas* at ¶ 26. Under those circumstances, a party "will be afforded a meaningful and effective remedy on appeal if and when the trial court orders discovery of any purported privileged matters after it conducts an in camera review of the material." *Adams v. Community Support Servs., Inc.*, 9th Dist. Summit No. 21419, 2003-Ohio-3926, ¶ 12. This is distinguishable from cases wherein a trial court orders the production of allegedly privileged documents to an opposing party directly without first conducting an in camera review. *See, e.g.*, *Miller v. State Farm Mut., Auto. Ins. Co.*, 9th Dist. Summit No. 27236, 2015-Ohio-280, ¶ 1-7.

{¶10} Mr. Pietrangelo addressed the finality of the trial court's orders in his merit brief. He argues that the orders were final, appealable orders because they essentially required him to

execute the medical authorizations, and – regardless of which option he chose – he would have suffered undue prejudice that would be un-reviewable at the conclusion of the case. He also argues that, had he signed the medical authorizations, he would have been unable to appeal the trial court's order in light of the doctrine of invited error. Regarding what he asserts was an implicit denial of his "Motion to Strike and to Show Cause/for Sanctions; Alt[ernatively], to Seal[,]" Mr. Pietrangelo argues that the trial court denied him a provisional remedy of removing his confidential documentation/information from the unsealed docket, which affected a substantial right and, in effect, determined the action and prevented a judgment in his favor on that issue.

{¶11} In response, Lubrizol argues that the orders were not final and appealable because Mr. Pietrangelo has not executed any medical authorizations, and has produced no medical records to the trial court. Regarding Mr. Pietrangelo's argument that the trial court implicitly denied his "Motion to Strike and to Show Cause/for Sanctions; Alt[ernatively], to Seal[,]" Lubrizol argues that the trial court never ruled on that motion and, therefore, there is no order from which Mr. Pietrangelo can appeal. Lubrizol's merit brief also includes a request for sanctions against Mr. Pietrangelo under Appellate Rule 23 on the basis that Mr. Pietrangelo's appeal is frivolous.

{¶12} In his reply brief, Mr. Pietrangelo asserts, in part, that Lubrizol's motion to compel did not request an in camera review, nor was an in camera review ordered by the court. He asserts that, while the medical authorizations may have provided for in camera review, that in camera review was illusory because it provided for the extinguishment of any physician-patient privilege, thereby rendering this Court's decision in *Miller v. State Farm Mutual, Automobile Insurance Co.* applicable. He also argues that the authorizations immediately prejudiced him by obligating him to pay the cost of producing the records. He further asserts that his appeal is not frivolous.

**{¶13}** Despite Mr. Pietrangelo's arguments to the contrary, this Court concludes that the orders appealed from are not final, appealable orders. Lubrizol's motion to compel specifically requested that the medical records be produced for an in camera review. We are unpersuaded by Mr. Pietrangelo's attempts to distinguish this case from established case law holding that an order requiring a party to submit materials for an in camera review is not a final, appealable order. *See Bell*, 67 Ohio St.3d 60, at syllabus; *Medas*, 2015-Ohio-1252, at ¶ 26. Nor are we persuaded by Mr. Pietrangelo's argument that *Miller v. State Farm Mutual, Automobile Insurance Co.* applies since that case involved the production of allegedly privileged documents directly to an opposing party without an in camera review. *Miller*, 2015-Ohio-280, ¶ 2-7. Lastly, we conclude that Mr. Pietrangelo's "Motion to Strike and to Show Cause/for Sanctions; Alt[ernatively], to Seal" remains pending before the trial court. *Compare Bencin v. Bencin*, 9th Dist. Medina No. 14CA0063-M, 2016-Ohio-54, ¶ 17, quoting *Rothschild v. Eckstein,* 9th Dist. Lorain No. 09CA009733, 2010-Ohio-4285, ¶ 19 ("In circumstances where the trial court fails to expressly rule on a motion prior to entering judgment, this Court presumes on appeal that the pending motion was implicitly denied."); *State ex rel. Fontanella v. Kontos*, 11th Dist. Trumbull No. 2007-T-0055, 2007-Ohio-5213, ¶ 9 (explaining that a trial court's presumed denial of a pending motion when the trial court issues a final judgment is "based upon the logic that, by issuing a final judgment in a pending case, the trial court has exhibited an intent to completely dispose of the entire proceeding; under such circumstances, it must be presumed that the court wanted to dispose of all other pending motions in a manner consistent with the final disposition of the case.").

**{¶14}** In light of the foregoing, this Court dismisses Mr. Pietrangelo's attempted appeal for lack of a final, appealable order. Additionally, Lubrizol's request for sanctions is denied.

8

III.

**{¶15}** Mr. Pietrangelo's attempted appeal is dismissed for lack of a final, appealable order. Lubrizol's request for sanctions is denied.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JAMES E. PIETRANGELO, II, pro se, Appellant.

JULIE A. HARRIS and NADA G. FADDOUL, Attorneys at Law, for Appellee.

TRACEY L. TURNBULL and BRODIE M. BUTLAND, Attorneys at Law, for Appellee.